# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 131

### OCTOBER TERM, A.D. 2020

*October 7, 2020*

STEVEN JACOB MITCHELL,

**Appellant**
**(Defendant),**

v.                                                            S-20-0057

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Sheridan County*
*The Honorable William J. Edelman, Judge*

*Representing Appellant:*
> Pro se

*Representing Appellee:*
> Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Samuel Williams, Assistant Attorney General

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, **Chief Justice**.

[¶1]    Steven Mitchell, appearing pro se, appeals the district court's denial of his motion for a sentence reduction as untimely.  We reverse and remand for consideration of Mr. Mitchell's motion on its merits.

ISSUE

[¶2]    Mr. Mitchell presents a single issue that states multiple claims, most unrelated to his motion for a sentence reduction.  We restate the dispositive issue as:

> Did the district court err in denying Mr. Mitchell's Rule 35(b) motion for a sentence reduction as untimely?

FACTS

[¶3]    In 2015, Mr. Mitchell refused to relinquish custody of his child pursuant to a Wyoming district court order that awarded custody to the child's mother. *Mitchell v. State*, 2018 WY 110, ¶¶ 9-10, 426 P.3d 830, 834 (Wyo. 2018).  His actions resulted in a civil contempt order that directed his confinement in jail until he produced the child, and two criminal charges of felony interference with custody.  *Id.*  In 2017, he pled no contest to one count of felony interference and was sentenced to three and a half to five years in prison.  *Id.* ¶¶ 17, 19, 426 P.3d at 835, 836.  He appealed his sentence and argued that: 1) his sentence violated his double jeopardy rights; 2) he should receive credit for time served in jail for his civil contempt; and 3) the district court erred by ordering his criminal sentence to begin only after he was released from his civil contempt.  *Id.* ¶ 22, 426 P.3d at 836.

[¶4]    This Court affirmed Mr. Mitchell's sentence by an opinion published on September 24, 2018. On October 10, 2018, we issued a mandate affirming judgment.  On January 25, 2019, Mr. Mitchell filed a pro se motion for reduction of his sentence pursuant to W.R.Cr.P. 35(b).  As support for his motion, he stated in part:

> I am a responsible citizen, father, and worker that will provide for the care of his child and all debts held against me and I realize all issues that arise against me must be resolved through litigation in court, that this is the way to guarantee due-process rights, and gives me the ability to face my accusers. I am without addictions; I will strive to better the situation in lawful venues, and through providing support and a stable life for my dependents by being a model citizen to my community. I will be a moral stable person in all that I do. I am a fit person, who is abled bodied [sic] to work, and have professional experience in the oil fields and will be beneficial to my community and all

1

persons affected by my care. I am a motivational bible study teacher for men classes, and will contribute to the local community where I will reside.

[¶5]   On December 9, 2019, the district court issued an order denying Mr. Mitchell's motion as untimely. It reasoned:

> 1.      Defendant's pro se motion came before the Court pursuant to Rule 35(b) of Wyo. R. Crim. P. which states in pertinent part that a "motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed."
>
> 2.      Following a plea agreement, a Judgment and Sentence was issued by this Court on October 17, 2017. The instant motion was filed on January 25, 2019, and consequently it is untimely.

[¶6]   Mr. Mitchell filed a timely notice of appeal from the order denying his sentence reduction.

## STANDARD OF REVIEW

[¶7]   We generally review a district court's ruling on a Rule 35(b) motion for sentence reduction as follows:

> The district court has broad discretion in determining whether to reduce a defendant's sentence, and we will not disturb its determination absent an abuse of discretion. The sentencing judge is in the best position to decide if a sentence modification is appropriate, and is free to accept or reject information submitted in support of a sentence reduction at its discretion. Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion. Because of the broad discretion given to the district court in sentencing, and our significant deference on appeal, this Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument.

*Barrowes v. State*, 2019 WY 8, ¶ 12, 432 P.3d 1261, 1266 (Wyo. 2019) (quoting *Hall v. State*, 2018 WY 91, ¶ 8, 423 P.3d 329, 331 (Wyo. 2018)).

[¶8]   Because the failure to file a timely Rule 35(b) motion for sentence reduction deprives a district court of jurisdiction to consider it, we review the question of its timeliness de novo.  *Shue v. State*, 2016 WY 15, ¶¶ 6, 8, 367 P.3d 645, 647 (Wyo. 2016); *see also Patrick v. State*, 2005 WY 32, ¶ 6, 108 P.3d 838, 840 (Wyo. 2005).

## DISCUSSION

[¶9]   Our rule governing motions for sentence reduction states in relevant part:

> A motion to reduce a sentence may be made, . . . within one year after the sentence is imposed or probation is revoked, ***or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal***, . . . . The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

W.R.Cr.P. 35(b) (emphasis added).

[¶10]  This Court issued its mandate affirming judgment in Mr. Mitchell's direct appeal on October 10, 2018.  Mr. Mitchell filed his motion for sentence reduction a little over three months later, on January 25, 2019, and his motion was therefore timely filed.  The State seemingly recognizes the error in the district court's decision but urges us to summarily affirm because Mr. Mitchell has not cogently raised or argued the court's error in ruling on the timeliness of his motion.  While we agree with the State that Mr. Mitchell's argument is seriously deficient, we are not willing to overlook an error that is so clear on the record before us.[1]

---

[1] The State also argues that we should disregard the timeliness question because Mr. Mitchell did not cogently address "whether a court has jurisdiction after the one year expires to decide a motion that was filed within the one-year time limitation."  In support, it cites to our decision in *Patrick*.  In *Patrick*, we held that "simply failing to rule on a validly filed [Rule 35(b)] motion within one year does not per se deny the district court jurisdiction to rule on the motion."  *Patrick*, ¶ 10, 108 P.3d at 842.  We did recognize, however, that other jurisdictions have held that extended delays in ruling on a Rule 35(b) motion may deprive a court of its jurisdiction to rule.  *Id.* ¶ 13, 108 P.3d at 843. We nonetheless stated our reluctance to adopt such a rule.

> The Tenth Circuit has questioned whether a district court's inaction alone is sufficient to deprive the court of jurisdiction under this rule. *United States v. Hernandez*, 975 F.2d 706, 709 n.5 (10th Cir. 1992) ("We are

[¶11]   Nor can we treat the error as harmless on the ground that the motion would no doubt have been denied.  We have said:

> The purpose of Rule 35 is to give a convicted defendant a second round before the sentencing judge (a second bite at the apple as it were) and to give the judge the opportunity to reconsider the original sentence in light of any further information about the defendant." *Hart v. State*, 2016 WY 28, ¶ 9, 368 P.3d 877, 879 (Wyo. 2016) (quoting *Boucher v. State*, 2012 WY 145, ¶ 10, 288 P.3d 427, 430 (Wyo. 2012)). Our role in reviewing the denial of a sentence reduction is limited. We do not substitute our judgment for that of the sentencing court, and the question therefore is not whether we agree with the sentence or would have imposed a different sentence. *Hall*, ¶ 18, 423 P.3d at 333 (quoting *Hart*, ¶ 7, 368 P.3d at 878).

*Barrowes*, ¶ 16, 432 P.3d at 1267.

[¶12]   Mr. Mitchell's Rule 35(b) motion, like his brief on appeal, is replete with arguments that have been rejected by this Court and undoubtedly have no bearing on a discretionary decision to reduce a sentence.  *See Mitchell v. Preston*, 2019 WY 41, 439 P.3d 718 (Wyo. 2019) (affirming denial of motion to transfer child custody matter to tribal court).[2] Nonetheless, his motion did cite to a class he had completed as well as his desire and claimed ability to be productive outside prison, which are the types of mitigating facts we expect to see in a motion for sentence reduction.  *See Hitz v. State*, 2014 WY 58, ¶ 12, 323 P.3d 1104, 1106 (Wyo. 2014).  Given the district court's broad discretion to accept or reject such factors as a basis to reduce the sentence it originally imposed, it is not our place on appeal to rule on them in the first instance.

---

reluctant to conclude that a district court by inaction on a timely filed motion can deprive itself of jurisdiction."). In light of the rule's dictate that the district court "shall" determine the motion, absent an indication of improper motive for not ruling on the motion or actual interference with parole functions, we are similarly reluctant. Indeed, it seems only logical that a defendant should not be penalized by the court's failure to act. Were it otherwise, the defendant would be twice penalized: once because the court failed to act on his motion, and once again because the court's own inaction bars Rule 35 relief. *Diggs v. United States*, 740 F.2d 239, 250 (3rd Cir. 1984) (Gibbons, J., dissenting).

*Patrick*, ¶ 14, 108 P.3d at 843.  In this case, Mr. Mitchell filed his Rule 35(b) motion on January 25, 2019, and the district court ruled on the motion on December 9, 2019.  While there was a substantial delay in ruling on the motion, the court ruled within a year, and therefore the question now raised by the State was not one that Mr. Mitchell was required to address.

[2] We also rejected many of the same arguments when we denied Mr. Mitchell's petition for writ of habeas corpus on April 16, 2019.

4

[¶13] Because the district court erred in denying Mr. Mitchell's Rule 35(b) motion as untimely, we reverse and remand for a ruling on its merits.