# IN THE SUPREME COURT, STATE OF WYOMING

# 2021 WY 21

OCTOBER TERM, A.D. 2020

*February 2, 2021*

CHRISTOPHER TERRENCE
COFFEY,

Appellant
(Defendant),

v.

S-20-0115

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable Kerri M. Johnson, Judge*

*Representing Appellant:*

> Office of the State Public Defender: Diane Lozano, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel

*Representing Appellee:*

> Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Timothy P. Zintak, Assistant Attorney General; Darrell D. Jackson, Faculty Director, Ciara Slife, Student Director, and Edward T. Lopez, Student Intern, of the Prosecution Assistance Program

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, **Chief Justice**.

[¶1]     Christopher Coffey appeals the district court's denial of his W.R.Cr.P. 35(b) motion for a sentence reduction.  We find no abuse of discretion and affirm.

## ISSUE

[¶2]     Mr. Coffey presents a single issue on appeal, which he states as follows:

> Whether the district court abused its discretion when it denied Appellant's motion to reduce sentence?

## FACTS

[¶3]     In 2018, the Wyoming Department of Family Services notified the Natrona County Sheriff's Office that a minor, MC, reported that her father, Mr. Coffey, had sexually assaulted her.  MC stated that he pulled off her clothing, made her get down on all fours, rubbed her chest and vagina, and placed her hands around his penis while he continued to rub her.  During the assault, MC was in pain and she kicked and screamed.  After a few minutes, Mr. Coffey stopped.

[¶4]     Mr. Coffey initially denied MC's allegations, but after failing a polygraph examination, he confessed.  He admitted that in 2010, when MC was six years old, he did as she reported and inserted a finger into her vagina.  On May 21, 2018, the State filed an information against Mr. Coffey, which charged him with one count each of sexual abuse of a minor in the first degree, sexual abuse of a minor in the second degree, and sexual abuse of a minor in the third degree.

[¶5]     Pursuant to a plea agreement, Mr. Coffey pled guilty to one count of second degree sexual abuse, and the State dismissed the other counts and agreed to cap its sentencing recommendation at fifteen years imprisonment.  At sentencing, the State requested a sentence of thirteen and a half to fifteen years, and the court sentenced Mr. Coffey to a prison term of twelve to fifteen years.  On February 12, 2019, the district court issued its final judgment and sentence.  Mr. Coffey appealed, but that appeal was dismissed on his voluntary motion for dismissal.

[¶6]     On April 6, 2020, Mr. Coffey filed a W.R.Cr.P. 35(b) motion for sentence reduction. In support of his motion, he cited the progress that he had made since his incarceration, his lack of a disciplinary record in prison, his plans for growth, and the support of his church community if he were released.  He also attached multiple letters to show his progress and family and community support for his release.

1

[¶7]   On April 14, 2020, the district court issued an order denying Mr. Coffey's motion. The court noted that it had reviewed the motion and the court file, including Mr. Coffey's background and criminal history detailed in the presentence investigation report, as well as the transcript of the sentencing hearing.  The court concluded "that no sufficient showing has been made pursuant to Rule 35(b) of the Wyoming Rules of Criminal Procedure to justify or require a modification of the Defendant's sentence . . . ."  Mr. Coffey timely appealed the denial of his motion to this Court.

## STANDARD OF REVIEW

[¶8]   We review a district court's ruling on a Rule 35(b) motion for sentence reduction as follows:

> The district court has broad discretion in determining whether to reduce a defendant's sentence, and we will not disturb its determination absent an abuse of discretion. The sentencing judge is in the best position to decide if a sentence modification is appropriate, and is free to accept or reject information submitted in support of a sentence reduction at its discretion. Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion. Because of the broad discretion given to the district court in sentencing, and our significant deference on appeal, this Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument.

*Mitchell v. State*, 2020 WY 131, ¶ 7, 473 P.3d 1255, 1257 (Wyo. 2020) (quoting *Barrowes v. State*, 2019 WY 8, ¶ 12, 432 P.3d 1261, 1266 (Wyo. 2019)).

## DISCUSSION

[¶9]   Our rule governing motions for sentence reduction states in relevant part that:

> A motion to reduce a sentence may be made, . . . within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, . . . . . The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to

2

a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

W.R.Cr.P. 35(b).

[¶10]  Mr. Coffey contends that the district court abused its discretion in denying his motion because the information he provided in support of it showed that he had taken advantage of all opportunities to better himself and had behaved well in prison, and the State presented no opposition to the motion.  He argues that this shows that the court failed to give the required consideration to the additional information that he provided and that the court's only possible rationale for its decision was to punish.  We disagree.

[¶11]  First, nothing in Rule 35(b) requires the State to respond to a motion for sentence reduction.  *See* W.R.Cr.P. 35(b).  We therefore will not read anything into the State's lack of a response, particularly since the district court ruled so quickly on the motion and did not itself give weight to the State's lack of a response.  Additionally, the court's order indicates that it did consider Mr. Coffey's motion and the supporting materials, and we do not require more than that.

> The district court's order denied the motion without detailing the judge's decision process, but it did indicate that the court had considered the motion and the reasons urged in support of it, and that it was fully advised concerning it.  The fact that the order does not describe the specific information Appellant provided in support of her request for a reduction does not establish an abuse of discretion. *Boucher* [*v. State*], [2012 WY 145,] ¶ 12, 288 P.3d [427,] at 430 [(Wyo. 2012)].  Furthermore, this Court has elucidated that "[t]here is no authority in Wyoming requiring a sentencing court to demonstrate good cause in denying a Rule 35(b) motion." *Chapman* [*v. State*], [2015 WY 15,] ¶ 12, 342 P.3d [388,] at 392 [(Wyo. 2015)].

*Hart v. State*, 2016 WY 28, ¶ 11, 368 P.3d 877, 879 (Wyo. 2016).

[¶12]  "The purpose of Rule 35 is to give a convicted defendant a second round before the sentencing judge (a second bite at the apple as it were) and to give the judge the opportunity to reconsider the original sentence in light of any further information about the defendant." *Mitchell*, ¶ 11, 473 P.3d at 1258 (quoting *Barrowes*, ¶ 16, 432 P.3d at 1267).  As we noted above, however, a sentencing court "is free to accept or reject information submitted in support of a sentence reduction at its discretion." *Mitchell*, ¶ 7, 473 P.3d at 1257 (quoting *Barrowes*, ¶ 12, 432 P.3d at 1266).  Additionally,

3

> [w]e have long held the view that it would be unwise to usurp what is properly a function of the district courts by finding an abuse of discretion in denying a sentence reduction motion simply because it was supported by evidence of a defendant's commendable conduct while incarcerated.

*Hart*, ¶ 10, 368 P.3d at 879 (quoting *Conkle v. State*, 2013 WY 1, ¶ 14, 291 P.3d 313, 315 (Wyo. 2013)).

[¶13]  Finally, we find no basis for reversal in Mr. Coffey's assertion that the district court's sentence was aimed solely at punishing him to the exclusion of the other goals of a criminal sentence.  We have said that "[t]he purpose of a sentence is one factor, among many, that goes into a sentencing decision, and it is the sentencing court that is in the best position to weigh that factor." *Hall v. State*, 2018 WY 91, ¶ 12, 423 P.3d 329, 332 (Wyo. 2018) (citing *Cohee v. State*, 2005 WY 50, ¶ 20, 110 P.3d 267, 274 (Wyo. 2005); *Hart*, ¶ 7, 368 P.3d at 878).  As long as a sentence falls within the permissible sentencing range, we will not reweigh its propriety. *Mitchell*, ¶ 7, 473 P.3d at 1257 (quoting *Barrowes*, ¶ 12, 432 P.3d at 1266).  Mr. Coffey's sentence was within the sentencing range, and we therefore find no abuse of discretion in the district court's denial of a reduction.

[¶14]  Affirmed.

4