# IN THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 63

### APRIL TERM, A.D. 2023

### June 15, 2023

LIZABETH MORENO HURTADO,

Appellant
(Defendant),

v.

S-22-0309

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Albany County*
*The Honorable Misha E. Westby, Judge*

*Representing Appellant:*
Lauren McLane, Faculty Director, Defender Aid Clinic, University of Wyoming College of Law; Luke Dainty, Student Director; Sarah Kelley, Assistant Student Director.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**

[¶1]   Lizabeth Moreno Hurtado pled guilty to possession and delivery of methamphetamine. She filed a timely motion for sentence reduction pursuant to W.R.Cr.P. 35(b), which the district court denied. Ms. Hurtado appeals. We affirm.

### *ISSUE*

[¶2]   Was the district court required to elaborate on its reasons for denying Ms. Hurtado's motion for sentence reduction?

### *FACTS*

[¶3]   The State of Wyoming charged Ms. Hurtado with five felony offenses related to possession and delivery of a controlled substance. Pursuant to a plea agreement, she pled guilty to one count of possession and one count of delivery of methamphetamine. The State dismissed the other charges. At sentencing, the district court imposed a five- to seven-year sentence on the possession charge, and a consecutive sentence of ten to fifteen years on the delivery charge. The sentence on the delivery charge was suspended in favor of two years probation.

[¶4]   One year later, Ms. Hurtado filed a Rule 35(b) motion for sentence reduction. Eleven days after the motion was filed, the district court entered an order denying the motion. The order states, in its entirety:

> **THIS MATTER** came before the Court pursuant to Ms. Hurtado's Motion for Sentence Reduction filed on November 18, 2022 and the State of Wyoming's State's Response to Defendant's Motion for Sentence Reduction filed on November 28, 2022. Being fully advised in the matter, this Court CONCLUDES as follows:
>
> **FINDING NO GOOD CAUSE**, Defendant's request for sentence reduction shall be and hereby is **DENIED**.

Ms. Hurtado appeals.

### *ANALYSIS*

[¶5]   Ms. Hurtado makes three arguments in support of her request that the district court's denial of her motion for sentence reduction be reversed. First, the order did not set out the basis for the denial. Next, the order did not demonstrate "due consideration of [her] motion." Third, the order did not specify that alternative treatments were considered.

1

[¶6]   We begin by addressing Ms. Hurtado's contention that the district court abused its discretion because the order did not set forth its rationale for denying her motion. W.R.Cr.P. 35(b) governs motions for sentence reduction.  It states:

> A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation.  The court shall determine the motion within a reasonable time.  Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.  The court may determine the motion with or without a hearing.

W.R.Cr.P. 35(b).

[¶7]   We review the denial of a motion for sentence reduction for abuse of discretion.

> The district court has broad discretion in determining whether to reduce a defendant's sentence, and we will not disturb its determination absent an abuse of discretion.  The sentencing judge is in the best position to decide if a sentence modification is appropriate, and is free to accept or reject information submitted in support of a sentence reduction at its discretion. Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion.  Because of the broad discretion given to the district court in sentencing, and our significant deference on appeal, this Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument.

*Leners v. State*, 2022 WY 127, ¶ 24, 518 P.3d 686, 695 (Wyo. 2022) (quoting *Coffey v. State*, 2021 WY 21, ¶¶ 8–14, 479 P.3d 1263, 1265–66 (Wyo. 2021) (quoting *Mitchell v.*

2

*State*, 2020 WY 131, ¶ 7, 473 P.3d 1255, 1257 (Wyo. 2020) (quoting *Barrowes v. State*, 2019 WY 8, ¶ 12, 432 P.3d 1261, 1266 (Wyo. 2019)))).

[¶8]    The order denying Ms. Hurtado's motion for sentence reduction provides that the district court  was "fully advised in the matter" but did not expound on the court's reasons. Rule 35(b) does not require the district court to elaborate on its rationale in deciding a motion for sentence reduction.  *See* W.R.Cr.P. 35(b).  All that is required is that the sentencing court consider the motion and supporting materials.  *Coffey*, ¶ 11, 479 P.3d at 1266 ("[T]he court's order indicates that it did consider [the] motion and the supporting materials, and we do not require more than that.").  *See Hart v. State*, 2016 WY 28, ¶ 11, 368 P.3d 877, 879 (Wyo. 2016) (affirmed an order denying a Rule 35(b) motion that did not detail the district court's considerations but indicated that it was "fully advised"); *Chapman v. State*, 2015 WY 15, ¶ 12, 342 P.3d 388, 392 (Wyo. 2015) ("There is no authority in Wyoming requiring a sentencing court to demonstrate good cause in denying a Rule 35(b) motion." (citing *Hodgins v. State*, 1 P.3d 1259, 1262 (Wyo. 2000))); *Boucher v. State*, 2012 WY 145, ¶ 12, 288 P.3d 427, 430 (Wyo. 2012) ("The fact that the order does not describe the specific information . . . provided in support of [the] motion does not establish an abuse of discretion.").  The district court did not abuse its discretion when it did not elaborate on its reasons for denying Ms. Hurtado's motion for sentence reduction.

[¶9]    We turn next to Ms. Hurtado's argument that the district court's order "fail[ed] to demonstrate due consideration of [her] motion" depriving her of due process.

[¶10]  The question of whether an individual was afforded constitutional due process is one of law, which we review de novo.  *Booth v. Booth*, 2019 WY 5, ¶ 11, 432 P.3d 902, 907 (Wyo. 2019); *see also KC v. State*, 2015 WY 73, ¶ 16, 351 P.3d 236, 241 (Wyo. 2015); *In interest of DT*, 2017 WY 36, ¶ 23, 391 P.3d 1136, 1143 (Wyo. 2017).  "The party claiming an infringement of his right to due process has the burden of demonstrating both that he has a protected interest and that such interest has been affected in an impermissible way.  The question is whether there has been a denial of fundamental fairness."  *Leners*, ¶ 12, 518 P.3d at 692 (quoting *Matter of NRAE*, 2020 WY 121, ¶ 12, 472 P.3d 374, 377 (Wyo. 2020) (quoting *In re MC*, 2013 WY 43, ¶ 29, 299 P.3d 75, 81 (Wyo. 2013) (quoting *In re KMO*, 2012 WY 100, ¶ 30, 280 P.3d 1216, 1224 (Wyo. 2012)))).

[¶11]  Ms. Hurtado contends that she has a right to know what evidence the district court relied on in making its decision.  In support of her argument, she relies on *Holm v. State*. In *Holm* we explained that "[o]ne of the most basic elements of due process is the right of each party to be apprised of all the evidence upon which an issue is to be decided[.]"  *Holm v. State*, 404 P.2d 740, 744 (Wyo. 1965) (citations omitted).  We held that the appellant's due process rights were violated because the jury relied on improperly submitted evidence—a court file that included a report from a doctor prejudicial to the appellant.  The appellant had no opportunity to cross-examine the doctor or to contravene the effect of the evidence.  *Id.* at 744–45.  *Holm* is inapposite.

[¶12]   Ms. Hurtado filed her motion for sentence reduction and the State filed a response, which was served upon Ms. Hurtado.  Ms. Hurtado does not argue that the district court considered improper evidence or that she had no opportunity to respond.  She submits that due process requires an explanation for the court's denial of her motion.  As previously discussed, Rule 35(b) does not require the court to detail its reasons for denial of a motion for sentence reduction.  Ms. Hurtado has failed to show that she was denied due process.

[¶13]   Finally, Ms. Hurtado argues that because she was found to be a "qualified addicted offender" under the Addicted Offender Accountability Act (the Act),[1] the district court was required to explain that alternative treatments were considered.  We disagree.  The Act is not directed at sentence reductions.  *See generally* Wyo. Stat. Ann. §§ 7-13-1301 through -1304; *Gomez v. State*, 2013 WY 134, ¶¶ 7–8, 311 P.3d 621, 623–24 (Wyo. 2013).  The Act authorizes the court to "order treatment for substance abuse while the defendant is incarcerated or to sentence him to probation or a suspended sentence and require treatment as a condition of release."  *Marshall v. State*, 2014 WY 168, ¶ 8, 340 P.3d 283, 286 (Wyo. 2014).  The process for sentence reduction of a qualified addicted offender is governed by Rule 35(b).  *Gomez*, ¶¶ 7–8, 311 P.3d at 623–24.  Neither the Act nor Rule 35(b) requires the district court to explain that alternative treatments were considered.

[¶14]   Affirmed.

---

[1] The Act provides:

> **Suspended sentence for qualified offenders.**
> (a)    Except as provided in subsection (c) of this section, notwithstanding any other provision of law, qualified offenders may be placed on probation under W.S. 7-13-301, receive a suspended sentence under W.S. 7-13-302(a) or placed on probation under W.S. 35-7-1037.

Wyo. Stat. Ann. § 7-13-1303(a) (LexisNexis 2021).

4