# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 33

**OCTOBER TERM, A.D. 2023**

**March 27, 2024**

ZACHARY RYAN BURKE,

Appellant
(Defendant),

v.                                                                        S-23-0212

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*
    *Zachary Ryan Burke, pro se.*

*Representing Appellee:*
    *Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; John J. Woykovsky, Senior Assistant Attorney General.*

*Before FOX, C.J., and KAUTZ\*, BOOMGAARDEN, GRAY, and FENN, JJ.*

*\* Justice Kautz retired from judicial office effective March 26, 2024, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), he was reassigned to act on this matter on March 27, 2024.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]    Zachary Ryan Burke, appearing pro se, appeals the district court's order denying his motion for sentence modification or reduction. Mr. Burke contends that the district court abused its discretion because it did not consider the merits of his motion. We affirm.

*ISSUE*

[¶2]    Mr. Burke presents a single issue on appeal, which we rephrase as:

> 1. Did the district court err when it denied Mr. Burke's motion for sentence modification or reduction?

*FACTS*

[¶3]    Pursuant to a plea agreement, Mr. Burke pled guilty to one count of child abuse. The district court imposed a sentence of six to eight years. Mr. Burke timely appealed the district court's judgment and sentence.

[¶4]    The district court appointed the state public defender to represent Mr. Burke on appeal, which Mr. Burke later voluntarily dismissed. He then filed a timely motion for sentence modification or reduction pursuant to W.R.Cr.P. 35(b). He requested the district court lower his sentence of six to eight years to a sentence of five to eight years, allowing him earlier eligibility to enter an adult community corrections facility.

[¶5]    In support of his motion, Mr. Burke offered supplemental materials to the district court. He submitted a progress report from his case team leader at the Wyoming Honor Farm, which showed he had completed several classes while incarcerated. He also offered letters of support from family members and his own letter. Mr. Burke and his family argued that he deserved the requested reduction because he had no prior criminal record, had high character and a good work ethic, had committed to making amends with his family, and had been a "model prisoner" while incarcerated.

[¶6]    The State opposed Mr. Burke's motion, arguing Mr. Burke had offered nothing bearing on the specifics of his crime or the factors the district court had considered when imposing the sentence. Further, the State informed the court that it had contacted one of the victims, who strongly opposed any reduction of Mr. Burke's sentence. Without holding a hearing on Mr. Burke's motion, the district court issued a written order stating it had "considered the motion and the file in [the] matter" and was "otherwise well advised in the premises," and denied the motion. Mr. Burke timely appealed the district court's denial of his motion for sentence reduction or modification.

1

[¶7]    "We review the denial of a motion for sentence reduction for an abuse of discretion." *Blair v. State*, 2024 WY 22, ¶ 6, 543 P.3d 919, 921 (Wyo. 2024).

> The sentencing judge is in the best position to decide if a sentence modification is appropriate and is free to accept or reject information submitted in support of a sentence reduction at its discretion. Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion. Because of the broad discretion given to the district court in sentencing, and our significant deference on appeal, this Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument.

*Id*. (quoting *Dillard v. State*, 2023 WY 73, ¶ 8, 533 P.3d 179, 181 (Wyo. 2023)).

*DISCUSSION*

[¶8]    "We have discretion whether to summarily affirm when a brief is deficient under the rules of appellate procedure." *Anderle v. State*, 2022 WY 161, ¶ 18, 522 P.3d 151, 154 (Wyo. 2022). The State argues we should exercise that discretion because Mr. Burke did not "provide any cogent argument or citation to legal authority," as required under W.R.A.P. 7.01. Although there must be reasonable adherence to the rules, pro se litigants are afforded some leniency from the stricter standards imposed on attorneys. *Anderle*, 2022 WY 161, ¶ 18, 522 P.3d at 154. Though Mr. Burke's brief is deficient in several respects, "the record is straightforward[] and the applicable standard of review is well established." *Id.* at ¶ 19, 522 P.3d at 154. We therefore exercise our discretion to address the merits of Mr. Burke's appeal.

[¶9]    Mr. Burke argues the district court abused its discretion "when it did not consider the motion for sentence reduction on its merits." The record does not support his contention. Though the district court's order did not detail specific aspects of Mr. Burke's motion or the State's response in its ruling, the court indicated that it had "considered the motion and the file in [the] matter" and that it was "otherwise well advised in the premises." We have held W.R.Cr.P. 35(b) does not require a court to demonstrate its reasoning in denying a motion for sentence reduction. *Hurtado v. State*, 2023 WY 63, ¶ 8, 531 P.3d 306, 308 (Wyo. 2023). "All that is required is that the sentencing court

consider the motion and supporting materials." *Id.* (citing *Coffey v. State*, 2021 WY 21, ¶ 11, 479 P.3d 1263, 1266 (Wyo. 2021)). Mr. Burke makes no argument that the district court relied on improper evidence or that he had no opportunity to respond to the State's arguments. *Hurtado,* 2023 WY 63 at ¶ 12, 531 P.3d at 309. Likewise, the district court did not abuse its discretion by denying Mr. Burke's motion without a hearing, W.R.Cr.P. 35(b), and "[d]efendants simply do not have a right to a sentence reduction, even when they have performed well while incarcerated." *Anderle*, 2022 WY 161, ¶ 30, 522 P.3d at 156 (Kautz, J., specially concurring).

[¶10]   Affirmed.