# IN THE SUPREME COURT, STATE OF WYOMING

# 2025 WY 62

### APRIL TERM, A.D. 2025

### June 2, 2025

DAVID RAY HERRERA, JR.,

Appellant
(Defendant),

v.                                                          S-25-0002

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
The Honorable Robin S. Cooley, Judge

*Representing Appellant:*
> Brandon T. Booth, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel.

*Representing Appellee:*
> Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Kristine D. Rude, Assistant Attorney General.

*Before BOOMGAARDEN, C.J., and FOX\*, GRAY, FENN, and JAROSH, JJ.*

*\* Justice Fox retired from judicial office effective May 27, 2025, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), she was reassigned to act on this matter on May 28, 2025.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**JAROSH, Justice.**

[¶1]    David Herrera, Jr. pled guilty to aggravated robbery with a deadly weapon. The district court sentenced him to five to eight years in prison and recommended he be placed in the youthful offender transition program (YOTP). When he was nearing completion of the program, Mr. Herrera filed a motion for sentence reduction. The district court denied the motion and Mr. Herrera appealed, asserting the district court promised to reduce his sentence if he successfully completed the YOTP. We reverse and remand for further proceedings.

## ISSUES

[¶2]    Mr. Herrera states two issues on appeal, reordered and rephrased as:

1.    Did the district court abuse its discretion in denying Mr. Herrera's motion for sentence reduction?

2.    Did the district court violate Mr. Herrera's constitutional rights in denying his motion for sentence reduction?

Because we find the first issue dispositive, we will not address the second issue.

## FACTS

[¶3]    In October 2020, Mr. Herrera robbed a Cheyenne convenience store while holding the store clerk at knifepoint. Pursuant to a plea agreement, Mr. Herrera pled guilty to a single count of aggravated robbery with a deadly weapon in violation of Wyo. Stat. Ann. § 6-2-401(c)(ii) (2023). As part of the plea agreement, the State agreed to dismiss two other charges, and to argue at the sentencing hearing for a term of imprisonment of no more than five to eight years.

[¶4]    The district court held a sentencing hearing on December 11, 2023. At sentencing, the State sought five to eight years imprisonment because, among other things, Mr. Herrera's crime was violent, the store clerk was traumatized by the robbery, and Mr. Herrera committed additional criminal offenses after the robbery. Mr. Herrera requested a suspended sentence and supervised probation so he could participate in inpatient drug treatment or, alternatively, that the district court recommend his placement in the YOTP.[1]

---

[1] Formerly known as the Wyoming Bootcamp and the Youthful Offender Program, the YOTP was created by the Wyoming Legislature in 1987. It is a highly structured program for first-time offenders who have not reached the age of 30, focused on programming, education, work, and physical activity. To participate in the program, an individual must receive a recommendation from the sentencing court, although a recommendation from the sentencing court does not guarantee acceptance. Wyo. Stat. Ann. § 7-13-1003

1

[¶5]    In its oral pronouncement at the sentencing hearing, the district court sentenced Mr. Herrera to five to eight years imprisonment, but recommended he be placed in the YOTP. The district court stated the following to Mr. Herrera:

>    I am going to order the five- to eight-year sentence, but I'm going to make the youthful offender program recommendation.  If there's work to be done in that first six months or year, or whatever it takes that could qualify him for a sentence reduction in a year or so, then that's what should happen.  He should have that opportunity.
>
> ***
>
>    And hopefully with this youthful offender opportunity – and that's what you have to look at it like, Mr. Herrera, it's an opportunity not just to say you're sorry or to say I have a substance abuse problem, but to work hard inside the Department of Corrections to address the problem, succeed in the youthful offender, and you will get a sentence reduction so that you're back on the street the minimum amount of time.
>
>    But the way this works is, it's on you.  You can get to the Department of Corrections and foul up this opportunity.  That will be on you.  But if you don't, you'll be back soon enough.  You have now the lesson of a lifetime has already occurred to you.  Maybe it's just got to be you and your one sober grandma you have to spend the rest of your life concentrating on; I don't know.
>
>    But as awkward as it is to say, Mr. Herrera, as I remand you to the custody of the sheriff now I wish you luck.

[¶6]    On January 10, 2024, the district court entered its written Judgment and Sentence. Regarding the recommendation for the YOTP, the district court stated:

>    **IT IS FURTHER RECOMMENDED** that **DAVID RAY HERRERA JR.** be placed in the Youthful Offender Transition Program, located in Rawlins, Wyoming; this order

---

(2023); *see* https://corrections.wyo/gov/institutional information/wyoming-state-penitentiary. As discussed below, an individual who completes the YOTP may be eligible for a sentence reduction.

is made with the expectation that if Defendant completes the "Youthful Offender Transition Program" he will be returned before the Court for reduction of sentence which would suspend the remaining term, under supervised probation, with such terms and conditions as the Court deems appropriate.

Shortly after entering its Judgment and Sentence, the district court judge retired and was replaced.

[¶7]    On February 28, 2024, Mr. Herrera was enrolled in and began the YOTP. On September 19, 2024, he filed a motion for sentence reduction under Wyoming Rule of Criminal Procedure (W.R.Cr.P.) 35 and Wyo. Stat. Ann. § 7-13-1002 (2023). In his motion for sentence reduction, he asked the district court to modify his sentence by suspending the remainder of the previously imposed term of five to eight years and putting him on three years' probation. In support of his request, Mr. Herrera explained he had been actively participating in the YOTP and how it changed his life for the better, and that he was nearing completion of the program. Mr. Herrera also included a letter from the Wyoming Department of Corrections Unit Manager and his caseworker. The letter discussed Mr. Herrera's various accomplishments during his enrollment in the YOTP and explained that he was in the final phase of the program, with an anticipated graduation date of October 31, 2024.

[¶8]    The State filed a response opposing Mr. Herrera's motion, arguing he should remain incarcerated. The State asserted whether to grant a sentence reduction after completion of YOTP is discretionary, and a variety of factors supported keeping Mr. Herrera incarcerated. Specifically, the State explained the imposed sentence remained appropriate and "in-line" with the sentencing factors of punishment and deterrence, Mr. Herrera's crime had long-lasting and profound impacts on the store clerk he held at knifepoint, and Mr. Herrera's criminal history made him a high risk to commit further criminal offenses.

[¶9]    The district court did not hold a hearing on Mr. Herrera's motion. On October 2, 2024, the district court entered its Order Denying Motion for Sentence Reduction. The Order stated simply, "The Court having reviewed the filings and otherwise being informed on the premises, finds as follows: **IT IS HEREBY ORDERED** that the Defendant's Motion for Sentence Reduction shall be and hereby is denied." Mr. Herrera timely appealed.[2]

---

[2] The record reflects that after his motion for sentence reduction was denied but before he filed his notice of appeal, Mr. Herrera filed a motion to alter or amend his judgment and sentence. In that motion, Mr. Herrera asserted the sitting district court judge failed to honor the sentencing judge's "future promise" to reduce his sentence to supervised probation if he completed the YOTP. The record does not reflect a ruling from the district court on the motion to alter or amend the judgment and sentence, and the motion is not the subject of this appeal.

3

## STANDARD OF REVIEW

[¶10]   This Court reviews a district court decision on a W.R.Cr.P. 35(b) motion to reduce a sentence as follows:

> The district court has broad discretion in determining whether to reduce a defendant's sentence, and we will not disturb its determination absent an abuse of discretion. The sentencing judge is in the best position to decide if a sentence modification is appropriate[ ] and is free to accept or reject information submitted in support of a sentence reduction at its discretion. Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion. Because of the broad discretion given to the district court in sentencing, and our significant deference on appeal, this Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument.

*Harper v. State*, 2023 WY 49, ¶ 5, 529 P.3d 1071, 1073 (Wyo. 2023) (quoting *Mitchell v. State*, 2020 WY 131, ¶ 17, 473 P.3d 1255, 1257 (Wyo. 2020)) (internal citation omitted). A district court abuses its discretion when it acts in a manner exceeding the bounds of reason under the circumstances. *Boline v. JKC Trucking*, 2025 WY 27, ¶ 28, 565 P.3d 669, 676 (Wyo. 2025).

## DISCUSSION

[¶11]   Mr. Herrera claims the district court abused its discretion when it denied his motion for sentence reduction.  Specifically, he argues it was improper for the district court to ignore the statements the retired district court judge made at sentencing and in the written judgment about reducing his sentence if he completed the YOTP.  Mr. Herrera also asserts the district court's refusal to reduce his sentence violated his due process rights and the protections against double jeopardy under the Fifth Amendment to the United States Constitution and Article 1, Sections 6 and 11 of the Wyoming Constitution.

[¶12]   Because it is dispositive of his appeal, we begin with analyzing Mr. Herrera's claim that the district court abused its discretion when it denied his motion for sentence reduction.

[¶13]  According to the statutes governing the YOTP, a sentencing court may reduce the sentence of a convicted felon who is recommended for, accepted into, and completes the YOTP.  Wyo. Stat. Ann. § 7-13-1002.  To be eligible for a reduction, the Department of Corrections must certify the individual successfully completed the program and the individual must apply to the sentencing court for a reduction within one year of starting his sentence of incarceration at a Wyoming penal institution.  *Id.*

[¶14]  W.R.Cr.P. 35(b) governs motions to reduce sentences.  In relevant part, Rule 35(b) provides the motion for sentence reduction must be made within one year after a sentence is imposed and a sentencing court must rule on the motion within a reasonable time.  The district court may determine the motion with or without a hearing.  Here, the record is clear that Mr. Herrera filed his motion for sentence reduction within a year of his sentencing.

[¶15]  Importantly, a reduction in a sentence, including one based on completion of the YOTP, is discretionary with the sentencing court.  For example, in *Anderle v. State*, 2022 WY 161, 522 P.3d 151 (Wyo. 2022), Mr. Anderle had his sentence reduced by two years after completing the YOTP and providing the proper certification to the sentencing court. *Id.*, ¶ 16, 522 P.3d at 154.  On appeal, Mr. Anderle asserted the district court abused its discretion by not reducing his sentence to probation.  In affirming the district court's sentence reduction, we emphasized that Mr. Anderle's successful completion of the YOTP did not entitle him to any sentence reduction at all.  Instead, the district court had the discretion to decide whether and to what extent Mr. Anderle's sentence was reduced.  *Id.*, ¶ 23, 522 P.3d at 155; *see also Mendoza v. State*, 2016 WY 31, 368 P.3d 886 (Wyo. 2016).  The language of the statute itself—"the sentencing court *may* reduce the sentence"—also makes it clear a reduction for completing the YOTP is entirely discretionary.  Wyo. Stat. Ann. § 7-13-1002 (emphasis added).

[¶16]  As we have stated on prior occasions, Rule 35(b) generally does not require the district court to elaborate on the reasons for denying a motion for sentence reduction.  Rather, all that is typically required is that the sentencing court consider the motion and the supporting materials.  *Hurtado v. State*, 2023 WY 63, ¶ 8, 531 P.3d 306, 308 (Wyo. 2023); *Boucher v. State*, 2012 WY 145, ¶ 12, 288 P.3d 427, 430 (Wyo. 2012) ("The fact that the order does not describe the specific information ... provided in support of [the] motion does not establish an abuse of discretion.").  Thus, standing alone, the district court's order denying Mr. Herrera's motion for a sentence reduction without any explanation would not constitute an abuse of discretion.

[¶17]  However, the order denying the sentence reduction cannot be viewed in isolation.  In Mr. Herrera's case, the district court made two pronouncements about the effect of Mr. Herrera's potential completion of the YOTP on his sentence.  In the written Judgment and Sentence, the district court explained an "expectation that if the Defendant completes the 'Youthful Offender Transition Program' he will be returned before the Court for reduction of sentence which would suspend the remaining term, under supervised probation, with

5

such terms and conditions as the Court deems appropriate." At the sentencing hearing, the district court told Mr. Herrera that the YOTP program was an opportunity "to work hard inside the Department of Corrections to address the problem, succeed in the youthful offender, and *you will get a sentence reduction* so that you're back on the street the minimum amount of time." (emphasis added).

[¶18] These two pronouncements are at the center of this appeal. Mr. Herrera asserts that together the oral pronouncement and the written sentence stood as a commitment by the district court to reduce his sentence by suspending it and putting him on probation if he completed the YOTP. The State, on the other hand, contends the district court was simply explaining to Mr. Herrera that he would have the opportunity to seek a sentence reduction if he completed the YOTP, but that nothing was guaranteed. As a result, according to the State, the district court had the discretion to reduce Mr. Herrera's sentence, but was not required to do so.

[¶19] We see the oral pronouncement and written Judgment and Sentence differently than both parties. First, we do not interpret the written Judgment and Sentence by itself to be a commitment by the district court to reduce Mr. Herrera's sentence if he was accepted into and successfully completed the YOTP. Rather, the district court was explaining the expectation that Mr. Herrera would return to the court and seek a sentence reduction if he completed the program. There is no affirmative commitment in the Judgment and Sentence that the district court do anything.

[¶20] However, the oral pronouncement was something more. Specifically, the district court's oral pronouncement that Mr. Herrera "will get a sentence reduction" if he completed the YOTP was an express commitment to Mr. Herrera—if he completed the program, he would get a sentence reduction. While the district court did not say what the sentence reduction would be, it committed to giving a reduction of some kind.[3] As a result, and absent a legitimate reason for not doing so, the district court should have honored the prior commitment, even though it was made by a different judge. *See, e.g.*, *Daniels v. State*, 2014 WY 125, ¶ 13, 335 P.3d 483, 487 (Wyo. 2014) (finding an abuse of discretion when, after stating it would give a defendant credit for the time served completing in-patient treatment, the district court denied such giving him credit without justification); *see also, BTU W. Res., Inc. v. Berenergy Corp.*, 2019 WY 57, ¶ 27, 442 P.3d 50, 58 (Wyo. 2019) (explaining that a trial court is typically required to adhere to another judge's ruling in the same case).

---

[3] We do not find the oral pronouncement and written Judgment and Sentence are inconsistent with one another. However, if they were, the oral pronouncement would govern. *Brown v. State*, 2021 WY 79, ¶ 9, 489 P.3d 1162, 1164 (Wyo. 2021).

[¶21] Given that the district court told Mr. Herrera that he would receive a sentence reduction if he completed the YOTP, it was not reasonable for the district court to deny the motion for sentence reduction without justification. As a result, and while the change in district court judges may help explain why the prior commitment was not honored, this is one of those rare circumstances where a district court abused its discretion in denying a motion for sentence reduction.

[¶22] In light of our conclusion that the district court abused its discretion in its Order Denying Sentence Reduction, we will not address Mr. Herrera's separate constitutional challenges to the district court's order.

## CONCLUSION

[¶23] The district court abused its discretion when it did not reduce Mr. Herrera's sentence consistent with the prior oral pronouncement that it would do so if he completed the YOTP. We therefore reverse and remand for further sentencing proceedings for Mr. Herrera consistent with this opinion.