**Corey MACK, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. 99–296.

Supreme Court of Wyoming.

July 11, 2000.

Representing Appellant : Corey Mack, Pro Se.

* Retired June 2, 2000.

Representing Appellee : Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Kimberly A. Baker, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY *, GOLDEN, and HILL, JJ.

MACY, Justice.

Appellant Corey Mack appeals from the denial of his motion for a sentence reduction.

We affirm.

## ISSUES

Mack failed to present a statement of issues; however, the state provided the following issues which appropriately focus our attention on the arguments Mack makes in his brief:

I.  Whether the district court abused its discretion in denying Appellant's motion for sentence reduction?

II.  Whether claims other than those relating to the sentence reduction motion may be considered in an appeal from the denial of a motion for sentence reduction?

## FACTS

On August 26, 1998, Carolyn Suval invited the victim to go to her home with her. Once they arrived at her home, Suval informed the victim that he would have to pay her for the time they spent together. The victim attempted to leave, but Mack entered the home at that point and insisted that the victim give his money to Suval. When the victim again attempted to leave the residence, Mack took the victim's wallet and removed $200 in twenty-dollar bills from it. Mack then struck the victim in the face, knocking him to the floor. Some blood from the newly inflicted wound on the victim's head spilled onto the floor, and Suval wiped it up with a rag.

The victim was finally allowed to leave the residence, and he proceeded to the police department where he reported the incident. The police found Suval and Mack, along with

blood spatters on the floor, a blood soaked rag, and $200 in twenty-dollar bills. Mack was arrested and charged with one count of robbery. He initially pleaded not guilty. The state later added a habitual criminal charge. Mack thereafter entered a conditional plea of nolo contendre to the robbery charge, and, in exchange, the habitual criminal allegation was dismissed. Mack was sentenced to serve a term in the Wyoming State Penitentiary of not less than four years nor more than six years. He filed a motion for a sentence reduction, which the district court denied. Mack appeals from that adverse ruling to this Court.

## STANDARD OF REVIEW

■ A motion filed pursuant to W.R.Cr.P. 35(b) is ordinarily left to the sound discretion of the district court. *Ayers v. State*, 949 P.2d 469, 470 (Wyo.1997). The district court's decision is given considerable deference unless no rational basis exists for its conclusion. *Barela v. State*, 936 P.2d 66, 69 (Wyo.1997).

## DISCUSSION

■ Wyo. Stat. Ann. § 6–2–401(b) (LEXIS 1999) provides for a maximum penalty of ten years in the state penitentiary for the offense of robbery. The term imposed by the district court was below the maximum penalty allowable by law. Although the four- to six-year sentence may seem harsh to Mack, when we consider Mack's significant criminal history along with the role he played in this crime, we cannot conclude that the district court abused its discretion.

■ We are not at liberty to address Mack's various other claims because they are not properly before this Court. A motion for a sentence reduction cannot be used to attack the validity of a conviction, nor may it be used as a substitute for a properly filed appeal. *Smith v. State*, 969 P.2d 1136, 1138 (Wyo.1998).

Affirmed.