# THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 49

**APRIL TERM, A.D. 2023**

**May 24, 2023**

PAUL HARPER,

**Appellant**
**(Defendant),**

**v.**

**S-22-0300**

**THE STATE OF WYOMING,**

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Albany County*
*The Honorable Tori R.A. Kricken, Judge*

*Representing Appellant:*
Paul Harper, pro se.

*Representing Appellee:*
Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; and Donovan Burton, Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1]    Paul Harper appeals from the district court's denial of his motion for sentence reduction.  We affirm.

## ISSUE

[¶2]    Mr. Harper presents several issues on appeal, which are unrelated to the district court's decision to deny his motion for a sentence reduction.  We restate the dispositive issue as: Did the district court abuse its discretion when it denied Mr. Harper's motion for sentence reduction?

## FACTS

[¶3]    Paul Harper entered into a plea agreement and pled guilty to aggravated assault and battery for striking the victim with an ornamental sword, breaking his arm, and causing massive bleeding.  The plea agreement provided the parties would jointly recommend a prison sentence to be suspended in lieu of a nine-month split sentence followed by three years supervised probation.  The district court rejected the jointly recommended sentence and sentenced Mr. Harper to a period of incarceration for not less than four years nor more than eight years, with 161 days of credit for time served. Mr. Harper appealed the judgment and sentence but later moved to voluntarily dismiss his appeal.  Mr. Harper executed a voluntary waiver of his right to appeal and filed it with this Court.[1]  We entered an order dismissing his appeal on January 27, 2022.[2]

[¶4]    On June 8, 2022, Mr. Harper filed a motion for a sentence reduction pursuant to Wyoming Rule of Criminal Procedure (W.R.Cr.P.) 35(b) (LexisNexis 2022).  Mr. Harper requested the district court reduce his sentence to not less than three years nor more than six years.  In support of his motion, Mr. Harper contended he is serving his sentence at the Wyoming Honor Farm, a minimum-security facility, and has remained discipline-free since the beginning of his incarceration.  He stated he works in a trusted position at the facility and has had no issues with his performance.  Mr. Harper also asserted he voluntarily took advantage of educational programs while incarcerated.  He contended he accepted responsibility for his actions and was not a "threat of reoffending."  The district court denied Mr. Harper's motion for sentence reduction.  This timely appeal followed.

## STANDARD OF REVIEW

[¶5]    We review a district court's ruling on a W.R.Cr.P. 35(b) motion for sentence

---

[1] *Harper v. State*, S-21-0283 (Wyo. Jan. 25, 2022) (motion for voluntary dismissal of appeal and waiver of appeal).
[2] *Harper v. State*, S-21-0283 (Wyo. Jan. 27, 2022) (order dismissing appeal).

1

reduction as follows:

> The district court has broad discretion in determining whether to reduce a defendant's sentence, and we will not disturb its determination absent an abuse of discretion. The sentencing judge is in the best position to decide if a sentence modification is appropriate[] and is free to accept or reject information submitted in support of a sentence reduction at its discretion. Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion. Because of the broad discretion given to the district court in sentencing, and our significant deference on appeal, this Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument.

*Mitchell v. State*, 2020 WY 131, ¶ 7, 473 P.3d 1255, 1257 (Wyo. 2020) (quoting *Barrowes v. State*, 2019 WY 8, ¶ 12, 432 P.3d 1261, 1266 (Wyo. 2019)).

## DISCUSSION

[¶6]    "A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed[.]" W.R.Cr.P. 35(b). The purpose of a motion for sentence reduction "is to give a convicted defendant a second round before the sentencing judge (a second bite at the apple as it were) and to give the judge the opportunity to reconsider the original sentence in light of any further information about the defendant." *Mitchell*, 2020 WY 131, ¶ 11, 473 P.3d at 1258 (quoting *Barrowes*, 2019 WY 8, ¶ 16, 432 P.3d at 1267). "A motion for a sentence reduction cannot be used to attack the validity of a conviction, nor may it be used as a substitute for a properly filed appeal." *Mack v. State*, 7 P.3d 899, 900 (Wyo. 2000) (citing *Smith v. State*, 969 P.2d 1136, 1138 (Wyo. 1998)); *see also Leners v. State*, 2022 WY 127, ¶ 28, 518 P.3d 686, 696 (Wyo. 2022) (quoting *Silva v. State*, 2014 WY 155, ¶ 10, 338 P.3d 934, 937 (Wyo. 2014)). The narrow function of Rule 35(b) is "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence." *Smith*, 969 P.2d at 1137–38 (quoting *Ellett v. State*, 883 P.2d 940, 942 (Wyo. 1994)); *Leners*, ¶¶ 28–30, 518 P.3d at 695–96) (finding a claim of factual innocence and an Eighth Amendment claim against the Wyoming Department of Corrections are not cognizable claims under a motion for sentence reduction).

[¶7]     In his motion for sentence reduction, Mr. Harper requested the district court reduce his sentence because he has remained discipline-free, works in a trusted position at the Wyoming Honor Farm, and has completed programs that will benefit him upon his release from incarceration.  On appeal, Mr. Harper raises arguments that were not presented to the district court below and undoubtedly have no bearing on a discretionary decision to reduce a sentence under Rule 35(b).  He contends on appeal the statements in the affidavit of probable cause and evidence presented during his preliminary hearing are perjured testimony the county attorney was required to correct.  Mr. Harper's appellate brief contains no explanation of how his current arguments relate to his motion for sentence reduction, and we are unable to perceive any connection.  In short, Mr. Harper failed to provide cogent argument, and his claims are not proper under a Rule 35(b) motion.  We decline to address Mr. Harper's claims because they are not properly before this Court. *Pier v. State*, 2019 WY 3, ¶ 26, 432 P.3d 890, 898 (Wyo. 2019) ("We do not address arguments not supported by cogent argument or citation to pertinent authority."); *Silva*, 2014 WY 155, ¶ 10, 338 P.3d at 937 (declining to address new arguments raised for the first time on an appeal from a district court's decision on a motion for sentence reduction); *Mack*, 7 P.3d at 900 (declining to address claims attacking the validity of a conviction on an appeal from a district court's decision on a motion for sentence reduction).

[¶8]     Considering the arguments Mr. Harper presented to the district court below, we find the district court did not abuse its discretion when it denied Mr. Harper's motion for sentence reduction.  We commend Mr. Harper for remaining discipline-free, pursuing work and educational opportunities, and accepting responsibility for his actions.  While we encourage Mr. Harper's productive behavior, that alone does not provide a basis to reverse the district court's decision.  "We have long held the view that it would be unwise to usurp what is properly a function of the district courts by finding an abuse of discretion in denying a sentence reduction motion simply because it was supported by evidence of a defendant's commendable conduct while incarcerated." *Hart v. State*, 2016 WY 28, ¶ 10, 368 P.3d 877, 879 (Wyo. 2016) (quoting *Conkle v. State*, 2013 WY 1, ¶ 14, 291 P.3d 313, 315 (Wyo. 2013)).  We do not substitute our judgment for that of the district court because the district court "is in the best position to decide if a sentence modification is appropriate[] and is free to accept or reject information submitted in support of a sentence reduction at its discretion." *Hall v. State*, 2018 WY 91, ¶ 18, 423 P.3d 329, 333 (Wyo. 2018) (quoting *Hart*, ¶ 7, 368 P.3d at 878); *Anderle v. State*, 2022 WY 161, ¶ 27, 522 P.3d 151, 156 (Wyo. 2022).  We affirm the district court's order denying Mr. Harper's motion for sentence reduction.

[¶9]     Affirmed.