# IN THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 73

APRIL TERM, A.D. 2023

July 25, 2023

RODGER WILLIAM DILLARD,

Appellant
(Defendant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

S-23-0054, S-23-0055

*Appeal from the District Court of Natrona County*
*The Honorable Catherine E. Wilking, Judge*

*Representing Appellant:*
Rodger William Dillard, pro se.

*Representing Appellee:*
Bridget L. Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    Roger William Dillard appeals the district court's denial of his motion for sentence reduction and motion to correct an illegal sentence. We affirm.

## *ISSUES*

[¶2]    Mr. Dillard raises two issues, which we rephrase as:

1. Whether the district court abused its discretion when it denied Mr. Dillard's motion for sentence reduction.

2. Whether the district court abused its discretion when it denied Mr. Dillard's motion to correct an illegal sentence.

## *FACTS*

[¶3]    In 2021, the State charged Mr. Dillard with one count of sexual abuse of a minor in the first degree, two counts of sexual abuse of a minor in the second degree, and two counts of sexual abuse of a minor in the third degree. Following a plea agreement, Mr. Dillard entered an *Alford* plea to two counts of sexual abuse of a minor in the third degree.[1] The State moved to dismiss the remaining charges. In May 2022, Mr. Dillard moved to withdraw his plea. The district court heard arguments on the motion the next month during the sentencing hearing and denied the motion. The court sentenced Mr. Dillard to serve two concurrent terms of three to five years in a penitentiary. Mr. Dillard did not take a direct appeal.

[¶4]    Mr. Dillard filed his first motion for sentence reduction in November 2022. He requested his sentence be reduced to probation or a term of eighteen to thirty-six months. The district court denied the motion. Mr. Dillard did not appeal this denial.

[¶5]    In January 2023, Mr. Dillard filed his second motion for sentence reduction. He requested that the court reduce his sentence to a term of two to four years. Mr. Dillard asserted—as he did in his first motion—that a reduction was justified because the court had incomplete information at the time of sentencing, he only entered a plea to avoid putting the minor children through trial, he was 72 years old and not a threat to anyone, he was an armed services veteran with no prior felony convictions, he had been out on bond for over a year without any problems, and he wanted to move out of state with his adult daughter and son-in-law. He also asserted he was a minimum custody inmate at the

---

[1] "An *Alford* plea involves the court's acceptance of the plea when the defendant simultaneously professes his innocence[.]" *Anderle v. State*, 2022 WY 161, ¶ 5 n.1, 522 P.3d 151, 152 n.1 (Wyo. 2022) (citations omitted); *see also North Carolina v. Alford*, 400 U.S. 25, 38, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

1

Wyoming Honor Farm and was not required to take any programming and did not meet the requirements for such programming. The district court again denied the motion. Mr. Dillard timely appealed from the court's denial.

[¶6]   The next month, Mr. Dillard filed a motion to correct an illegal sentence, claiming the district court violated his right to due process when it did not allow him to withdraw his *Alford* plea and he received ineffective assistance of counsel. The district court denied Mr. Dillard's motion, and Mr. Dillard timely appealed. We consolidated Mr. Dillard's appeals.

## *DISCUSSION*

### *I.     The district court did not abuse its discretion when it denied Mr. Dillard's motion for sentence reduction.*

[¶7]   W.R.Cr.P. 35(b) governs motions for sentence reduction and states, in part:

> A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked . . . . The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

W.R.Cr.P. 35(b).

[¶8]   This Court reviews the denial of a motion for sentence reduction under the following standard:

> The district court has broad discretion in determining whether to reduce a defendant's sentence, and we will not disturb its determination absent an abuse of discretion. The sentencing judge is in the best position to decide if a sentence modification is appropriate[ ] and is free to accept or reject information submitted in support of a sentence reduction at its discretion. Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion. Because of the broad discretion given to the district court in sentencing, and our

2

significant deference on appeal, this Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument.

*Harper v. State*, 2023 WY 49, ¶ 5, 529 P.3d 1071, 1073 (Wyo. 2023) (quoting *Mitchell v. State*, 2020 WY 131, ¶ 7, 473 P.3d 1255, 1257 (Wyo. 2020)).

[¶9]   Mr. Dillard contends the district court should have ordered a progress report from the Wyoming Honor Farm, implying that his good conduct and position as a minimum-security inmate justifies a reduced sentence.  Mr. Dillard cites no authority requiring the court to order a progress report.  Even if the court obtained a favorable report for Mr. Dillard, it was still free to accept or reject that report, in its discretion, as a basis for reducing Mr. Dillard's sentence. *Hodgins v. State*, 1 P.3d 1259, 1261–62 (Wyo. 2000). Further, "[w]e have long held the view that it would be unwise to usurp what is properly a function of the district courts by finding an abuse of discretion in denying a sentence reduction motion simply because it was supported by evidence of a defendant's commendable conduct while incarcerated." *Harper*, ¶ 8, 529 P.3d at 1074 (quoting *Hart v. State*, 2016 WY 28, ¶ 10, 368 P.3d 877, 879 (Wyo. 2016)).

[¶10]  Mr. Dillard also contends the district court should have reduced his sentence to probation because he had limited criminal history and the pre-sentence investigation report (PSI) recommended probation.  Mr. Dillard misreads the PSI.  It did not recommend probation, but rather stated Mr. Dillard did "not appear to be an appropriate candidate for community supervision."  Further, even if the PSI had recommended probation, the district court is not bound to accept such recommendations. *See Thomas v. State*, 2009 WY 92, ¶ 12, 211 P.3d 509, 513 (Wyo. 2009) (noting a district court is not required to base its sentence on the recommendations of a PSI).  Because the district court "is in the best position to decide if a sentence modification is appropriate[ ] and is free to accept or reject information submitted in support of a sentence reduction at its discretion," *Harper*, ¶ 8, 529 P.3d at 1074 (quoting *Hall v. State*, 2018 WY 91, ¶ 18, 423 P.3d 329, 333 (Wyo. 2018) and citing *Anderle*, ¶ 27, 522 P.3d at 156), the district court did not abuse its discretion when it denied Mr. Dillard's motion for sentence reduction.

## II.     *The district court did not abuse its discretion when it denied Mr. Dillard's motion to correct an illegal sentence.*

[¶11]  W.R.Cr.P. 35(a) states: "The court may correct an illegal sentence at any time. Additionally the court may correct, reduce, or modify a sentence within the time and in the manner provided herein for the reduction of sentence."  We review the denial of a W.R.Cr.P. 35(a) motion to correct an illegal sentence for an abuse of discretion. *Best v. State*, 2022 WY 25, ¶ 5, 503 P.3d 641, 643 (Wyo. 2022) (citing *Baker v. State*, 2011 WY 123, ¶ 10, 260 P.3d 268, 271 (Wyo. 2011)).  "We also determine de novo whether a claim

is properly considered under . . . Rule 35(a)[.]" *Id.* (quoting *Majhanovich v. State*, 2021 WY 135, ¶ 7, 499 P.3d 995, 997 (Wyo. 2021)).

[¶12]   Mr. Dillard asserts his original convictions were illegal because Wyoming law does not permit the district court to accept his *Alford* plea.  The State contends we should refuse to consider this argument because Mr. Dillard raises it for the first time on appeal and his argument impermissibly challenges his convictions rather than his sentences.

[¶13]   "Res judicata bars litigation of issues that were or could have been determined in a prior proceeding."  *Best*, ¶ 7, 503 P.3d at 643 (quoting *Russell v. State*, 2021 WY 9, ¶ 11, 478 P.3d 1202, 1205 (Wyo. 2021)) (internal quotations omitted).  Mr. Dillard could have challenged the district court's denial of his motion to withdraw his *Alford* plea on direct appeal after the court's judgment and sentence was entered.  He failed to do so.

[¶14]   "While res judicata applies, 'our rulings make clear that the application of the doctrine is discretionary.'"  *Cruzen v. State*, 2023 WY 5, ¶ 16, 523 P.3d 301, 305 (Wyo. 2023) (quoting *Palmer v. State*, 2016 WY 46, ¶ 7, 371 P.3d 156, 158 (Wyo. 2016)).  Even if this Court exercised its discretion and declined to apply res judicata, Mr. Dillard's attack on his *Alford* plea does not challenge the district court's sentence but instead challenges his underlying convictions.  We have stated:

> A motion to correct an illegal sentence presupposes a valid conviction and may not be used to re-examine errors occurring at trial or other proceedings prior to the imposition of sentence. Therefore, issues concerning the validity of a conviction will not be addressed in the context of a Rule 35 motion.

*Best*, ¶ 6, 503 P.3d at 643 (quoting *Bird v. State*, 2002 WY 14, ¶ 4, 39 P.3d 430, 431 (Wyo. 2002)).  As such, Mr. Dillard's challenge to his *Alford* plea—a challenge to the validity of his convictions—is not reviewable under W.R.Cr.P. 35(a).  *Id.*  The district court did not abuse its discretion in denying Mr. Dillard's motion to correct an illegal sentence.

[¶15]   Affirmed.