# IN THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 122

**OCTOBER TERM, A.D. 2023**

**December 19, 2023**

TRAVIS JAMES WRIGHT,

Appellant
(Defendant),

v.

S-23-0113

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Carbon County*
*The Honorable Dawnessa A. Snyder, Judge*

*Representing Appellant:*
    *Travis James Wright, pro se.*

*Representing Appellee:*
    *Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Donovan Burton, Assistant Attorney General.*

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]    Travis James Wright pled guilty to two counts of sexual exploitation of children. The district court imposed two concurrent sentences of eight to ten years. Mr. Wright appeals the district court's order denying his pro se motion for sentence reduction. We affirm.

*ISSUE*

[¶2]    We consolidate and rephrase the four issues Mr. Wright presents on appeal into one:

> 1.    Did the district court abuse its discretion when it denied Mr. Wright's motion for sentence reduction?

*FACTS*

[¶3]    Mr. Wright pled guilty to two counts of sexual exploitation of children. The district court imposed two concurrent sentences of eight to ten years with credit for time served. Mr. Wright timely appealed the district court's sentencing order through private counsel.

[¶4]    The district court appointed the state public defender's appellate office to represent Mr. Wright. Mr. Wright voluntarily dismissed his appeal and then filed a timely motion for sentence modification or reduction through counsel. The district court denied the motion. Mr. Wright did not appeal that denial.

[¶5]    Mr. Wright later filed, pro se, a second motion for sentence reduction. The district court denied his motion, and Mr. Wright timely appeals.

*DISCUSSION*

**I.    *The district court did not abuse its discretion in denying Mr. Wright's motion for sentence reduction.***

[¶6]    "We review a district court's ruling on a motion for a sentence reduction for abuse of discretion." *Martinson v. State*, 2023 WY 88, ¶ 14, 534 P.3d 913, 917 (Wyo. 2023).

> The district court has broad discretion in determining whether to reduce a defendant's sentence, and we will not disturb its determination absent an abuse of discretion. The sentencing judge is in the best position to decide if a sentence modification is appropriate and is free to accept or reject

1

information submitted in support of a sentence reduction at its discretion. Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion. Because of the broad discretion given to the district court in sentencing, and our significant deference on appeal, this Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument.

*Id.* at ¶ 14, 534 P.3d at 918 (quoting *Harper v. State*, 2023 WY 49, ¶ 5, 529 P.3d 1071, 1073 (Wyo. 2023)).

[¶7]   Mr. Wright filed his pro se motion for sentence reduction and supported the motion with personal information, letters of support, and arguments about prosecutorial misconduct and the proportionality of his sentence. He informed the court of his diverse support system and participation in prison classes, a recovery group, and work program. He explained he has not had any disciplinary problems and deeply regrets his actions that led to incarceration. Mr. Wright claimed the prosecutor committed misconduct during his sentencing hearing by presenting false or inaccurate information, and the district court committed misconduct by relying on inaccurate or improper information. He further challenged the proportionality of his sentence.[1]

[¶8]   On appeal, Mr. Wright largely restates the arguments he made in his pro se motion and also raises an ineffective assistance of counsel argument for the first time. The State argues Mr. Wright has not presented cogent argument because Mr. Wright has not addressed the only issue properly before this Court; whether the district court abused its discretion when it denied Mr. Wright's motion for sentence reduction. We agree with the State.

---

[1] Mr. Wright's challenge to the proportionality of his sentence would have been properly brought in the district court pursuant to a Rule 35(a) motion but not pursuant to the Rule 35(b) motion he filed in this case. *Barrowes v. State*, 2019 WY 8, ¶ 21, 432 P.3d 1261, 1267 (Wyo. 2019) ("[A] challenge to the legality of a sentence is properly brought pursuant to Rule 35(a), not pursuant to Rule 35(b)[.]") (citing *Davis v. State*, 2018 WY 40, ¶ 32, 415 P.3d 666, 678 (Wyo. 2018)). Although Mr. Wright appeals pro se and "is entitled to 'a certain leniency' from the more stringent standards accorded formal pleadings drafted by lawyers[,]" his appeal of the proportionality of his sentence is not supported by cogent argument. *Osborn v. Emporium Videos*, 848 P.2d 237, 240 (Wyo. 1993) (quoting *Apodaca v. Ommen*, 807 P.2d 939, 943 (Wyo. 1991)); *Pier v. State*, 2019 WY 3, ¶ 26, 432 P.3d 890, 898 (Wyo. 2019) ("We do not address arguments not supported by cogent argument or citation to pertinent authority.") (citing *Blevins v. State*, 2017 WY 43, ¶ 22, 393 P.3d 1249, 1254 (Wyo. 2017)). We thus will not consider this challenge.

[¶9]   The Wyoming Rules of Criminal Procedure address a motion for a sentence reduction. W.R.Cr.P. 35(b). "The purpose of Rule 35(b) is to give a convicted defendant a second opportunity to reduce his sentence by presenting additional information and argument to the sentencing judge." *Chapman v. State*, 2015 WY 15, ¶ 11, 342 P.3d 388, 392 (Wyo. 2015) (citing *Boucher v. State*, 2012 WY 145, ¶ 10, 288 P.3d 427, 430 (Wyo. 2012)). A Rule 35(b) motion has a "narrow function." *Harper*, 2023 WY 49, ¶ 6, 529 P.3d at 1073. It "cannot be used to attack the validity of a conviction, nor may it be used as a substitute for a properly filed appeal." *Id.* (quoting *Mack v. State*, 7 P.3d 899, 900 (Wyo. 2000)). A defendant may not use Rule 35(b) to "re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence." *Id.* (quoting *Smith v. State*, 969 P.2d 1136, 1137-38 (Wyo. 1998)).

[¶10]  Considering the arguments Mr. Wright presented to the district court in his pro se motion, we find the district court did not abuse its discretion. The bulk of Mr. Wright's arguments; namely his claims of judicial and prosecutorial misconduct and ineffective assistance of counsel; were not supported by cogent argument and are not proper under a Rule 35(b) motion. Instead, Mr. Wright used his motion for sentence reduction as a substitute for a properly filed appeal, to attack the validity of his conviction, and to re-examine alleged errors that occurred at the sentencing hearing. We therefore "decline to address [Mr. Wright's] claims because they are not properly before this Court." *Harper*, 2023 WY 49, ¶ 7, 529 P.3d at 1073.

[¶11]  While we commend Mr. Wright for his rehabilitation and treatment efforts as well as his acknowledgment of regret, "productive behavior alone does not require the district court to grant [him] a sentence reduction." *Hart v. State*, 2016 WY 28, ¶ 10, 368 P.3d 877, 879 (Wyo. 2016) (citing *Chapman*, 2015 WY 15, ¶ 18, 342 P.3d at 394). This Court has "long held the view that it would be unwise to usurp what is properly a function of the district courts by finding an abuse of discretion in denying a sentence reduction motion simply because it was supported by evidence of a defendant's commendable conduct while incarcerated." *Id.* (quoting *Conkle v. State*, 2013 WY 1, ¶ 14, 291 P.3d 313, 315 (Wyo. 2013)). The district court "is in the best position to decide if a sentence modification is appropriate and is free to accept or reject information submitted in support of a sentence reduction at its discretion," so we do not substitute our judgment for that of the district court. *Harper*, 2023 WY 49, ¶ 8, 529 P.3d at 1074 (quoting *Hall v. State*, 2018 WY 91, ¶ 18, 423 P.3d 329, 333 (Wyo. 2018)).

[¶12]  We find the district court did not abuse its discretion. Affirmed.