# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 22

OCTOBER TERM, A.D. 2023

February 27, 2024

JONATHON TYSON BLAIR,

**Appellant**
**(Defendant),**

v.

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

S-23-0209

*Appeal from the District Court of Sweetwater County*
*The Honorable Suzannah G. Robinson, Judge*

*Representing Appellant:*
Jonathon Tyson Blair, *pro se.*

*Representing Appellee:*
Bridget L. Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General.

*Before FOX, C.J., KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE:** This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BOOMGAARDEN, Justice.**

[¶1]    Jonathon Tyson Blair, representing himself, appeals the district court's denial of his motion for sentence reduction.  We affirm.

## *ISSUE*

[¶2]    Mr. Blair raises several complaints which we rephrase as a single issue: whether the district court abused its discretion in denying Mr. Blair's motion for sentence reduction.

## *FACTS*

[¶3]    We reviewed the facts of Mr. Blair's case in our prior opinion, *Blair v. State*, 2022 WY 121, 517 P.3d 597 (Wyo. 2022), and we restrict our opinion to those facts material to Mr. Blair's current appeal.

[¶4]    Mr. Blair filed his motion for sentence reduction in April 2023.  He requested his sentence be reduced from a term of eight to ten years to a term of five to ten years.  He asserted this reduction is proper because he is taking the necessary steps to better himself and has learned from his mistakes.  He described his experience working, volunteering, attending classes, completing self-study materials, and reflecting through journaling while incarcerated at the Honor Farm.  Mr. Blair has received five verbal warnings since February 2022 but has no recorded disciplinary infractions.  Mr. Blair submitted letters of support from his family speaking highly of the positive changes in Mr. Blair's life.  He explained his incarceration "has taken a very heavy toll on his family" and he is seeking a sentence reduction to prevent his welding certification from expiring so that, when released, he can financially support them.

[¶5]    The district court denied Mr. Blair's motion for a sentence reduction.  In its order, the district court noted "it appears Mr. Blair has made changes in his thought process and has taken great strides to better himself."  The court also acknowledged how Mr. Blair's incarceration has affected his family and that it was encouraged by the progress he has made, including taking advantage of the programs offered to him.  Nonetheless, the court found "the sentence originally imposed . . . was appropriate at that time, and remains appropriate today."  Mr. Blair timely appeals this denial.

## *STANDARD OF REVIEW*

[¶6]    We review the denial of a motion for sentence reduction for an abuse of discretion.

1

The sentencing judge is in the best position to decide if a sentence modification is appropriate and is free to accept or reject information submitted in support of a sentence reduction at its discretion. Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion. Because of the broad discretion given to the district court in sentencing, and our significant deference on appeal, this Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument.

*Dillard v. State*, 2023 WY 73, ¶ 8, 533 P.3d 179, 181 (Wyo. 2023) (quoting *Harper v. State*, 2023 WY 49, ¶ 5, 529 P.3d 1071, 1073 (Wyo. 2023)).

## *DISCUSSION*

[¶7]    W.R.Cr.P. 35(b) governs motions for sentence reductions, and states, in relevant part:

A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked . . . . The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

W.R.Cr.P. 35(b). "The purpose of a motion for sentence reduction 'is to give a convicted defendant a second round before the sentencing judge (a second bite at the apple as it were) and to give the judge the opportunity to reconsider the original sentence in light of any further information about the defendant.'" *Harper*, 2023 WY 49, ¶ 6, 529 P.3d at 1073 (quoting *Mitchell v. State*, 2020 WY 131, ¶ 11, 473 P.3d 1255, 1258 (Wyo. 2020)).

[¶8]    Mr. Blair argues the district court abused its discretion by not considering all the facts he offered in support of his Rule 35(b) motion. Mr. Blair contends reducing his bottom number from eight years to five years may allow him to be released to an Adult Community Corrections facility so that he can work to financially support his family and relieve some of the hardships his incarceration has placed upon them. However, the sentencing judge acknowledged the hardship that Mr. Blair's incarceration has placed on

2

his family and noted the progress he has made while incarcerated. The district court considered all the information presented by Mr. Blair in support of his motion, and "is in the best position to decide if a sentence modification is appropriate and is free to accept or reject information submitted in support of a sentence reduction at its discretion." *Wright v. State*, 2023 WY 122, ¶ 11, 540 P.3d 227, 230 (Wyo. 2023) (quoting *Harper*, 2023 WY 49, ¶ 8, 529 P.3d at 1074)). Mr. Blair has not shown the district court acted unreasonably in denying his motion for sentence reduction.

[¶9] Mr. Blair states the district court's response to his motion was "positive" and "showed no cause to deny the request." The court's order denying Mr. Blair's motion is indeed positive and we likewise commend Mr. Blair on his efforts at rehabilitation, personal development, and taking full advantage of the classes available to him. However, "[w]e have long held the view that it would be unwise to usurp what is properly a function of the district courts by finding an abuse of discretion in denying a sentence reduction motion simply because it was supported by evidence of a defendant's commendable conduct while incarcerated." *Dillard*, 2023 WY 73, ¶ 9, 533 P.3d at 181 (quoting *Harper*, 2023 WY 49, ¶ 8, 529 P.3d at 1074). Commendable conduct does not require the sentencing judge to modify its original sentence. *See, e.g.*, *Leners v. State*, 2022 WY 127, ¶ 35, 518 P.3d 686, 697–98 (Wyo. 2022) (citing *LeGarda-Cornelio v. State*, 2009 WY 136, ¶¶ 6–10, 218 P.3d 968, 969–71 (Wyo. 2009)).

[¶10] Mr. Blair also challenges the legality of his original sentence arguing the sentencing judge only considered punishment and not other sentencing goals. He also argues the sentencing judge showed "bias" through comments at his original sentencing hearing. He did not raise these claims on direct appeal or in his motion for sentence reduction. Rule 35(b) motions "cannot be used . . . as a substitute for a properly filed appeal." *Harper*, 2023 WY 49, ¶ 6, 529 P.3d at 1073 (quoting *Mack v. State*, 7 P.3d 899, 900 (Wyo. 2000)). Nor can Mr. Blair raise these issues for the first time in this appeal if the trial court did not have an opportunity to consider them. *See Silva v. State*, 2014 WY 155, ¶¶ 8–9, 338 P.3d 934, 936–37 (Wyo. 2014). Furthermore, a challenge to the legality of a sentence is properly brought under Rule 35(a), not Rule 35(b). *Barrowes v. State*, 2019 WY 8, ¶ 21, 432 P.3d 1261, 1267 (Wyo. 2019). We therefore decline to address these arguments.

[¶11] Finally, Mr. Blair asserts that his time served prior to sentencing was not credited to his sentence. This, too, is an argument for relief under W.R.Cr.P 35(a), not 35(b). *See, e.g.*, *Stevenson v. State*, 2023 WY 99, ¶ 12, 537 P.3d 328, 330–31 (Wyo. 2023) (holding that a sentence that does not include proper credit for presentence confinement can be raised under a W.R.Cr.P. 35(a) motion). Moreover, "[r]es judicata bars litigation of issues that were or could have been determined in a prior proceeding." *Russell v. State*, 2021 WY 9, ¶ 11, 478 P.3d 1202, 1205 (Wyo. 2021) (citing *Goetzel v. State*, 2019 WY 27, ¶ 11, 435

P.3d 865, 868 (Wyo. 2019)). We have already considered and rejected this argument in two prior slip opinions.[1] Mr. Blair is barred from raising it again.

## *CONCLUSION*

[¶12] The district court did not abuse its discretion when it denied Mr. Blair's motion for sentence reduction. We affirm.

---

[1] Mr. Blair filed two previous petitions for writ of review, each alleging an improper calculation of credit for time served. We addressed his argument and cited the law affirming the calculation of credit in our slip opinions denying the petitions. *See Blair v. State*, No. S-22-0263 (Wyo. Nov. 22, 2022); *Blair v. Wyo. Dep't of Corr.*, No. S-2-0181 (Wyo. Aug. 29, 2023).