# IN THE SUPREME COURT, STATE OF WYOMING

# 2024 WY 35

**OCTOBER TERM, A.D. 2023**

March 27, 2024

**IN THE MATTER OF THE TERMINATION OF PARENTAL RIGHTS TO: MMD, JID and DRD, minor children,**

**RODGER WILLIAM DILLARD,**

**Appellant
(Respondent),**

**v.**

**S-23-0167**

**STATE OF WYOMING, ex rel. DEPARTMENT OF FAMILY SERVICES,**

**Appellee
(Petitioner).**

*Appeal from the District Court of Natrona County*
*The Honorable Kerri M. Johnson, Judge*

*Representing Appellant:*
Robert S. Casteel II, Law Office of Robert Casteel, Casper, Wyoming.

*Representing Appellee:*
Bridget L. Hill, Wyoming Attorney General; Christina F. McCabe, Deputy Attorney General.

*Office of the Guardian ad Litem:*
Joseph R. Belcher, Director.

*Before FOX, C.J., and \*KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

*\* Justice Kautz retired from judicial office effective March 26, 2024, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), he was reassigned to act on this matter on March 27, 2024.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    Rodger William Dillard challenges the district court's decision to terminate his parental rights to M.D., J.D., and D.D. pursuant to Wyo. Stat. Ann. § 14-2-309(a)(iii), (iv), and (v) (2023).  Mr. Dillard claims the district court erred when it found the Department of Family Services (the Department) made reasonable efforts to reunify the family.  We affirm the district court's order terminating Mr. Dillard's parental rights under subsection (iv).

## ISSUE

[¶2]    Mr. Dillard states the issue as:

> Did the district court err by finding that the Wyoming Department of Family Services made reasonable efforts to reunify the parent with the children the subject of this TPR case?[1]

## FACTS

[¶3]    Mr. Dillard is the biological grandfather of M.D., J.D., and D.D.  Mr. Dillard's son and daughter-in-law had their parental rights to the three children terminated in Montana.  In August 2017, Mr. Dillard and his wife, Marilee Dillard, adopted the children.  Three years later, Mr. Dillard and Marilee divorced and stipulated to Marilee having custody of the children with reasonable visitation by Mr. Dillard.  In December 2020, Marilee passed away.

[¶4]    Shortly after Marilee passed away, a family member reported to M.D.'s and J.D.'s school that both children disclosed sexual abuse by Mr. Dillard.  The school contacted the Department, and the Department forwarded the report of sexual abuse to the Natrona County Sheriff's Department.  The Sheriff's Department took protective custody of all three children and conducted forensic interviews.  During the forensic interviews, J.D. and M.D. disclosed Mr. Dillard sexually abused them.

[¶5]    Mr. Dillard was eventually charged with one count of first-degree sexual abuse of a minor, two counts of second-degree sexual abuse of a minor, and two counts of third-degree sexual abuse of a minor.  The Department simultaneously filed a petition against

---

[1] To the extent Mr. Dillard raises an issue related to the reasonable efforts finding in the juvenile court's order changing the permanency plan to adoption, that order is not presently before us on appeal.  We do not allow a party to collaterally attack a permanency order under the guise of an appeal from an order terminating parental rights.  *E.g.*, *In re AM-LR*, 2018 WY 76, ¶ 10, 421 P.3d 551, 554 (Wyo. 2018) (declining to allow a collateral attack of a permanency order on an appeal of an order terminating parental rights).  We therefore decline to address this issue.

Mr. Dillard alleging he neglected all three children and abused J.D. and M.D. Mr. Dillard stipulated to the allegations of neglect, and the juvenile court adjudicated the children as neglected. The initial goal in the juvenile proceeding was to reunify the children with Mr. Dillard. However, in February 2022, after the children had been in the Department's custody for more than a year, the Department requested the permanency plan be changed to adoption. The juvenile court set the matter for an evidentiary permanency hearing.

[¶6] Following the evidentiary permanency hearing in April, the juvenile court ordered the permanency plan to be changed to adoption due to the lack of progress Mr. Dillard made on his Family Service Case Plan with the Department. The court found the Department made reasonable efforts to reunify the children with Mr. Dillard, but "reunification w[ould] not be a viable option any time soon, and reunification [was] not in the best interest of the minor children."

[¶7] In June, pursuant to a plea agreement, Mr. Dillard entered an Alford plea to two counts of sexual abuse of a minor in the third degree, and the State agreed to dismiss the remaining counts. The district court sentenced Mr. Dillard to concurrent sentences of three to five years on each of the two counts. *See Dillard v. State*, 2023 WY 73, ¶ 3, 533 P.3d 179, 180 (Wyo. 2023).

[¶8] Soon after, the Department filed a petition to terminate Mr. Dillard's parental rights. The petition alleged three statutory grounds for termination under Wyo. Stat. Ann. § 14-2-309(a)(iii), (iv), and (v). The district court held a three-day bench trial in April 2023. Following the trial, the court found the Department established all three grounds by clear and convincing evidence, and terminating Mr. Dillard's parental rights was in the children's best interest. The court subsequently entered a written order terminating Mr. Dillard's parental rights to the children. Mr. Dillard timely appealed.

## DISCUSSION

[¶9] Our standard for reviewing a termination of parental rights is as follows:

> Due to the tension between the fundamental liberty of familial association and the compelling state interest in protecting the welfare of children, application of statutes for termination of parental rights is a matter for strict scrutiny. As part of this strict scrutiny standard, a case for termination of parental rights must be established by clear and convincing evidence. Clear and convincing evidence is that kind of proof that would persuade a trier of fact that the truth of a contention is highly probable. Rigorous though this standard may be, we apply our traditional principles of evidentiary review when a party challenges the sufficiency of the evidence supporting

2

termination.  Thus, we examine the evidence in the light most favorable to the party prevailing below, assuming all favorable evidence to be true while discounting conflicting evidence presented by the unsuccessful party.

*Matter of ALRW*, 2023 WY 20, ¶ 18, 525 P.3d 627, 631 (Wyo. 2023) (quoting *Matter of JPL*, 2021 WY 94, ¶ 21, 493 P.3d 174, 179–80 (Wyo. 2021)).

[¶10]  The district court terminated Mr. Dillard's parental rights under Wyo. Stat. Ann. § 14-2-309(a)(iii), (iv), and (v).  The various statutory bases for termination of parental rights are separate and independent, and we need only conclude the evidence is sufficient on one of those grounds to affirm.  *ALRW*, 2023 WY 20, ¶ 19, 525 P.3d at 631 (citation omitted); *In re SMH*, 2012 WY 165, ¶ 20, 290 P.3d 1104, 1109 (Wyo. 2012) (citation omitted).  Mr. Dillard acknowledges as much in his brief, yet his sole argument on appeal is that the Department failed to make reasonable efforts to reunify him with the children before terminating his parental rights.

[¶11]  It is unnecessary for us to consider Mr. Dillard's argument because the record definitively supports our decision to affirm the district court's order terminating his parental rights under Wyo. Stat. Ann. § 14-2-309(a)(iv).[2]  This provision states:

> (a) The parent-child legal relationship may be terminated if . . .
> (iv) The parent is incarcerated due to the conviction of a felony and a showing that the parent is unfit to have the custody and control of the child[.]

*Id.*

[¶12]  Mr. Dillard is incarcerated as result of his felony convictions for sexual abuse of a minor in the third degree under Wyo. Stat. Ann. § 6-2-316.  As to Mr. Dillard's fitness, the district court found Mr. Dillard was unfit because he could not meet the ongoing physical, mental, and emotional needs of the children.  The court reasoned Mr. Dillard denied he caused any trauma or harm to the children and blamed others for their mistreatment, he did not understand the children's needs or acknowledge the care required to address the children's mental health difficulties, and he could not address their needs even if he was not incarcerated.  The court also found it would be in the best interest of the children to terminate Mr. Dillard's parental rights.  Mr. Dillard does not challenge these factual findings or legal conclusions.

---

[2] We do not consider the merits of the district court's termination order under § 14-2-309(a)(iii) or (v). *ALRW*, 2023 WY 20, ¶ 19, 525 P.3d at 631 (citation omitted).

[¶13]  Affirmed.