# IN THE SUPREME COURT, STATE OF WYOMING

# 2024 WY 61

**APRIL TERM, A.D. 2024**

**June 11, 2024**

DERRICK E. TALLENT,

Appellant
(Defendant),

v.

S-24-0041

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable Stuart S. Healy III, Judge*

*Representing Appellant:*
    Derrick E. Tallent, pro se.

*Representing Appellee:*
    Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; John J. Woykovsky, Senior Assistant Attorney General.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]  Derrick E. Tallent appeals the district court's denial of his motion for sentence reduction.  We affirm.

## *ISSUE*

[¶2]  Mr. Tallent raises one issue which we rephrase as:

> Did the district court abuse its discretion when it denied Mr. Tallent's motion for sentence reduction?

## *FACTS*

[¶3]  The underlying facts of the offense are not material to the issue before us.  Of relevance is that Mr. Tallent was charged with two counts of conspiracy to commit burglary.  Pursuant to a plea agreement, Mr. Tallent pled no contest to one count.  The State dismissed the other count and recommended a suspended sentence of eight to ten years in prison.  The district court imposed an eight to ten-year sentence, suspended in favor of five years of supervised probation.  Conditions of his probation required Mr. Tallent to complete residential drug treatment and to pay $9,392.66 in restitution, jointly and severally, with his wife, a co-defendant.

[¶4]  Mr. Tallent absconded from the state and never reported to a residential drug treatment program.  The State filed a petition to revoke Mr. Tallent's probation and sought a bench warrant for his arrest.  Mr. Tallent was arrested and at his probation revocation hearing, he admitted to violating the terms of his probation.  On March 20, 2023, the district court revoked Mr. Tallent's probation and imposed the underlying eight to ten-year sentence.

[¶5]  In December 2023, Mr. Tallent filed a pro se motion for sentence reduction pursuant to W.R.Cr.P. 35(b).  He claimed information available to the district court at the time of sentencing was "incomplete" and requested his sentence be reduced to five to ten years imprisonment.  He supported his motion with program certificates he earned while incarcerated, including certificates from Narcotics Anonymous and Alcoholics Anonymous.  He also relied on a letter from his wife where she asserted she was making restitution payments and asked that Mr. Tallent's sentence be reduced so he could get a job and contribute.  Pursuant to Mr. Tallent's request, the district court ordered the Wyoming Honor Farm to prepare a progress report.  The progress report stated Mr. Tallent "for the most part has not been a management issue," he had completed three programs, was enrolled in two others, and was punctual for work.  It noted that he "seems even-tempered and doesn't cause any issues."

1

[¶6]    The district court denied Mr. Tallent's motion for sentence reduction, stating it had "considered the motion and other submittals" and could "find no good reason to reduce or modify the sentence previously imposed." This appeal followed.

## STANDARD OF REVIEW

[¶7]    We review a district court's ruling on a Rule 35(b) motion for sentence reduction for an abuse of discretion:

> The sentencing judge is in the best position to decide if a sentence modification is appropriate, and is free to accept or reject information submitted in support of a sentence reduction at its discretion. Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion. Because of the broad discretion given to the district court in sentencing, and our significant deference on appeal, this Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument.

*Mitchell v. State*, 2020 WY 131, ¶ 7, 473 P.3d 1255, 1257 (Wyo. 2020) (quoting *Barrowes v. State*, 2019 WY 8, ¶ 12, 432 P.3d 1261, 1266 (Wyo. 2019)); *Blair v. State*, 2024 WY 22, ¶ 6, 543 P.3d 919, 921 (Wyo. 2024) (quoting *Dillard v. State*, 2023 WY 73, ¶ 8, 533 P.3d 179, 181 (Wyo. 2023), *cert. denied*, — U.S. —, 144 S.Ct. 312, 217 L.Ed.2d 144 (2023), *reh'g denied*, — U.S. —, 144 S.Ct. 633, 217 L.Ed.2d 339 (2024)).

## DISCUSSION

[¶8]    Rule 35(b) allows a defendant to seek a sentence reduction within one year of his sentence being imposed or his probation being revoked. It functions to "give a convicted defendant a second round before the sentencing judge . . . and to give the judge the opportunity to reconsider the original sentence in light of any further information about the defendant." *Boucher v. State*, 2012 WY 145, ¶ 10, 288 P.3d 427, 430 (Wyo. 2012) (quoting *Patrick v. State*, 2005 WY 32, ¶ 9, 108 P.3d 838, 841 (Wyo. 2005)); *see Blair*, ¶ 7, 543 P.3d at 921.

[¶9]    Mr. Tallent argues that the district court abused its power when it did not reduce his sentence. The district court considered Mr. Tallent's motion, and the materials submitted with it, and was "in the best position to decide if a sentence modification [was] appropriate and [was] free to accept or reject information submitted in support of a sentence reduction

2

at its discretion." *Blair*, ¶ 8, 543 P.3d at 921 (quoting *Wright v. State*, 2023 WY 122, ¶ 11, 540 P.3d 227, 230 (Wyo. 2023)). Mr. Tallent's motion for sentence reduction was based on his participation in programs provided while incarcerated, his mostly discipline-free record, and his work attendance. He is to be commended for participating in these programs and for his behavior. However, these circumstances "alone [do] not provide a basis to reverse the district court's decision." *Harper v. State*, 2023 WY 49, ¶ 8, 529 P.3d 1071, 1074 (Wyo. 2023); *see also Blair*, ¶ 9, 543 P.3d at 921 ("Commendable conduct does not require the sentencing judge to modify its original sentence."). Mr. Tallent has not carried his "substantial burden" of establishing the district court abused its discretion. *Chapman v. State*, 2015 WY 15, ¶ 20, 342 P.3d 388, 394 (Wyo. 2015).

[¶10] Mr. Tallent makes two additional arguments: (1) the district should have reduced his sentence because he "was not sentenced in lined [sic] with his co-defendant for crime that should have called for a 3-5 year sentence"; and (2) the failure to sentence him consistently with his co-defendant violated the due process clauses of the Wyoming and United States Constitutions.[1] Mr. Tallent did not raise either issue in his motion for sentence reduction. Defendants may not raise issues for the first time on appeal from the denial of a motion for sentence reduction and we decline to address these arguments. *See Blair*, ¶ 10, 543 P.3d at 922.

## *CONCLUSION*

[¶11] The district court did not abuse its discretion when it denied Mr. Tallent's motion for sentence reduction. We affirm.

---

[1] These arguments appear to be directed at the legality of Mr. Tallent's sentence. Challenges to the legality of a sentence are properly brought under Rule 35(a), not Rule 35(b). *Blair*, ¶ 10, 543 P.3d at 922.