# IN THE SUPREME COURT, STATE OF WYOMING

# 2025 WY 3

OCTOBER TERM, A.D. 2024

January 3, 2025

JOSHUA WIEGAND,

Appellant
(Defendant),

v.

S-24-0247

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable James Michael Causey, Judge*

*Representing Appellant:*
Pro se.

*Representing Appellee:*
Bridget L. Hill, Attorney General; Jenny Lynn Craig, Deputy Attorney General; Kristen Reeves Jones, Senior Assistant Attorney General; Leanne Joy Johnston, Assistant Attorney General.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BOOMGAARDEN, Justice.**

[¶1]    Joshua Wiegand, representing himself, appeals the district court's denial of his motion for sentence reduction.  We affirm the district court's ruling.

## *ISSUE*

[¶2]    We consider a single issue: whether the district court abused its discretion in denying Mr. Wiegand's motion for sentence reduction.[1]

## *FACTS*

[¶3]    The State of Wyoming charged Joshua Wiegand with strangulation of a household member and destruction of property.  Mr. Wiegand pled guilty to both charges.  After Mr. Wiegand violated bond conditions, the State rescinded the plea agreement which suggested a four-to-six-year sentence suspended in favor of three years supervised probation.  The district court later sentenced Mr. Wiegand to five-to-eight-years and recommended that he participate in the Youthful Offender Treatment Program.  The court informed Mr. Wiegand that if he completed the treatment program, it would consider modifying his sentence to probation.

[¶4]    Mr. Wiegand entered the treatment program in May 2024, but he struggled.  He incited violence by threatening a cellmate, disregarded warnings, and failed to correct his negative behaviors.  The program's committee promptly removed Mr. Wiegand, and caseworkers informed the district court that Mr. Wiegand was ineligible to receive a sentence modification because he did not complete the program.

[¶5]    Between June 24 and July 24, 2024, Mr. Wiegand filed four documents requesting a sentence reduction.  The district court treated the filings as motions pursuant to W.R.Cr.P. 35(b).  In support of his motions, Mr. Wiegand asserted that he attends Alcoholics and Narcotics Anonymous meetings and has worked to manage his anger, depression, and anxiety.  He described learning the law, health, and wellness.  Mr. Wiegand claimed the Youthful Offender Treatment Program denied him a proper opportunity to succeed.  Since his removal from the program, Mr. Wiegand said he attempted to enroll in other kinds of treatment, but the state penitentiary lacked instructors and resources.  Mr. Wiegand

---

[1] Mr. Wiegand does not provide an issue statement or support his arguments with legal authority.  While we have discretion to summarily affirm when a brief is deficient under the rules of appellate procedure, pro se litigants are afforded some leniency from the stringent standards set for attorneys.  W.R.A.P. 7.01; *Burke v. State*, 2024 WY 33, ¶ 8, 545 P.3d 440, 442 (Wyo. 2024) (citing *Anderle v. State*, 2022 WY 161, ¶ 18, 522 P.3d 151, 154 (Wyo. 2022)).  Though Mr. Wiegand's brief is deficient in many respects, the record is clear, and the applicable standard of review is well established.  We therefore address Mr. Wiegand's appeal on the merits.

emphasized that he has only one felony conviction. Thus, he claimed, he was "over sentenced," and the case against him lacked evidence.

[¶6]   The district court denied every motion. This timely appeal followed. [2]

## *STANDARD OF REVIEW*

[¶7]   We review a district court's ruling on a motion for sentence reduction for abuse of discretion:

> The sentencing judge is in the best position to decide if a sentence modification is appropriate and is free to accept or reject information submitted in support of a sentence reduction at its discretion. Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion. Because of the broad discretion given to the district court in sentencing, and our significant deference on appeal, this Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument.

*Blair v. State*, 2024 WY 22, ¶ 6, 543 P.3d 919, 921 (Wyo. 2024) (quoting *Dillard v. State*, 2023 WY 73, ¶ 8, 533 P.3d 179, 181 (Wyo. 2023)).

## *DISCUSSION*

[¶8]   "A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed[.]" W.R.Cr.P. 35(b). "The purpose of a motion for sentence reduction 'is to give a convicted defendant a second round before the sentencing judge (a second bite at the apple as it were) and to give the judge the opportunity to reconsider the original sentence in light of any further information about the defendant.'" *Harper v. State*, 2023 WY 49, ¶ 6, 529 P.3d 1071, 1073 (Wyo. 2023) (quoting *Barrowes v. State*, 2019 WY 8, ¶ 16, 432 P.3d 1261, 1267 (Wyo. 2019)). "A motion for sentence reduction cannot be used to attack the validity of a conviction, nor may it be used as a substitute for a properly filed appeal." *Mack v. State*, 7 P.3d 899, 900 (Wyo. 2000) (citing *Smith v. State*, 969 P.2d 1136, 1138 (Wyo. 1998)).

---

[2] Mr. Wiegand attached the Order Denying Motion for Sentence Modification dated September 16, 2024 to his brief. However, the order identified in the notice of appeal was signed on July 18 and filed on July 19, 2024. We note the orders use similar language, but will assume Mr. Wiegand intended to appeal the order filed on July 19, 2024.

[¶9]   Mr. Wiegand makes three arguments on appeal.  First, he claims the district court improperly denied his request for a sentence reduction without offering an explanation.  Mr. Wiegand also argues the court failed to consider how he has taken opportunities to better himself and has maintained employment while incarcerated.  Finally, he argues the five-to-eight-year prison sentence was too harsh for his only felony, claiming the prosecuting attorney mischaracterized him as a violent person.

[¶10]  The district court's July 19, 2024, order is cursory, providing only that the district court "has considered the motion and hereby denies the motion."  However, Rule 35(b) requires nothing more.  The district court need not elaborate on its rationale when denying a motion for sentence reduction.  *See* W.R.Cr.P.35(b).  It is required only to consider the motion and supporting materials.  *Hurtado v. State*, 2023 WY 63, ¶ 8, 531 P.3d 306, 308 (Wyo. 2023); *Coffey v. State*, 2021 WY 21, ¶ 11, 479 P.3d 1263, 1266 (Wyo. 2021).  "The fact that the order does not describe the specific information . . . provided in support of [the] motion does not establish an abuse of discretion."  *Boucher v. State*, 2012 WY 145, ¶ 12, 288 P.3d 427, 430 (Wyo. 2012).

[¶11]  Since April 2024, Mr. Wiegand has no doubt participated in available treatment programs, taken advantage of educational opportunities, and is working full-time.  We acknowledge Mr. Wiegand's hard work and educational pursuits, and we encourage him to continue.  However, we have frequently noted that commendable behavior alone does not provide a basis to reverse the district court's decision.  *Harper*, 2023 WY 49, ¶ 8, 529 P.3d at 1074.  "We have long held the view that it would be unwise to usurp what is properly a function of the district courts by finding an abuse of discretion in denying a sentence reduction motion simply because it was supported by evidence of a defendant's commendable conduct while incarcerated."  *Id.* (quoting *Hart v. State*, 2016 WY 28, ¶ 10, 368 P.3d 877, 879 (Wyo. 2016)).  Moreover, we do not substitute our judgment for that of the district court because the district court "is in the best position to decide if a sentence modification is appropriate and is free to accept or reject information submitted in support of a sentence reduction at its discretion."  *Blair*, 2024 WY 22, ¶ 6, 543 P.3d at 921 (quoting *Dillard*, 2023 WY 73, ¶ 8, 533 P.3d at 181); *Anderle*, 2022 WY 161, ¶ 27, 522 P.3d at 156.

[¶12] Finally, in considering Mr. Wiegand's claims that the prosecuting attorney inaccurately portrayed him as violent person, and the sentence is too harsh for his only felony, we noted above that a Rule 35(b) motion "cannot be used to attack the validity of a conviction, nor may it be used as a substitute for a properly filed appeal."  *Harper*, 2023 WY 49, ¶ 6, 529 P.3d at 1073-74 (quoting *Mack*, 7 P.3d at 900).  Moreover, a challenge to the legality of a sentence is properly brought under Rule 35(a), not 35(b).  *Blair*, 2024 WY 22, ¶ 10, 542 P.3d at 922 (citing *Barrowes*, 2019 WY 8, ¶ 21, 432 P.3d at 1267).

[¶13]  Affirmed.